FISHER v. FISHER.

Alimony: APPLICATIONS FOR CHANGE. Applications for reduction of permanent alimony will not be granted unless it clearly appears that, by reason of the changed circumstances of the applicant, the original allowance is no longer proportionate or just. The court will also consider whether such change of circumstances has not been brought about by improper conduct on his part.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 22.

THE plaintiff, in his petition, states that, at the June term, 1862, of the district court of Dubuque county, a decree of divorce was rendered by said court in favor of the plaintiff against the defendant; that said decree provided for payment, by plaintiff, to defendant, of $150 per annum, as alimony, payable quarterly; that he is now sixty-five years of age, in infirm health, unable to labor or do much by way of attention to business; that he has been unfortunate in business and met with great losses in money and property; that he has to maintain the daughter of the parties and is unable longer to pay said alimony, and he asks to have the same reduced, so as to conform to his reduced circumstances and pecuniary ability.

The answer of the defendant admits the allegations as to the time and amount of the alimony decreed her, and that the daughter of the parties has been supported by plaintiff; and of the truth of the other averments says she has neither knowledge nor information sufficient to form a belief, and, therefore, denies them.

The cause was tried by the court on the evidence submitted, and a decree rendered dismissing plaintiff's petition.

*Wilson & O'Donnell* for the appellant.

*George Gray* for the appellee.

MILLER, J.— The statute provides that after a divorce is granted subsequent changes may be made by the court in reference to the maintenance of the wife, when circumstances render them expedient. Rev., § 2537. Independent of this statutory provision courts of equity had the power, at all times, on proper application, and on any material change in the circumstances of the parties, to increase or reduce the allowance of alimony, whether temporary or permanent. Bishop on Mar. & Div., § 593, and cases cited in notes.

Applications for changes in allotments of permanent alimony are not of frequent occurrence, and where such allotments have been once fairly settled, any application for change ought, evidently, to be carefully scrutinized. The court, where the husband alleges an alteration of circumstances as a ground for reduction, will consider whether it has been brought about by any improper conduct on his part. Ib. Such allotments ought not to be changed unless the party applying therefor shows substantial reasons which in justice and equity demand change. We are of opinion that the showing in this case is not sufficient to warrant a reduction of the amount of alimony decreed to the appellee. It is true the appellant is shown to be advanced in life and not of very robust health; that at the time the decree was rendered he was reputed to be wealthy; and that now *rumor* reports him to have met with pecuniary losses, etc. It is not shown by competent evidence what losses he has in fact sustained, how they occurred, whether by unprofitable or reckless speculations, of what income appellant is now possessed, nor are the circumstances of the appellee shown. The appellant himself was a competent witness and could have testified to and shown

all the facts connected with his own pecuniary affairs and condition if he had chosen to do so. Without these facts we are unable to determine whether there has been such an alteration in the circumstances of the parties as to call for a change in the allowance for alimony. If the appellant was wealthy at the time of the rendition of the decree, as he was reputed to be, the amount of alimony allowed the wife seems to us very small, unless she had a separate income of her own. This does not appear; and, for aught that does appear in the record, this small sum of $150 per annum may be the only means of support which the appellee possessed or now possesses. If so, it ought not to be reduced unless it is satisfactorily shown that it is disproportioned to the pecuniary circumstances and income of the appellant. This is not done. The judgment of the court below must, therefore, be

Affirmed.