EDWARD B. ECKHARD, APPELLANT, V. LILLIAN C. ECKHARD, APPELLEE.

[FILED APRIL 30, 1890.]

1. **Divorce**: ADULTERY: CUSTODY OF CHILDREN.   The plaintiff obtained a decree of divorce on the grounds of numerous acts of adultery committed by the wife.   The children were awarded to the custody of their grandparents, who reside in Colorado, and with whom the erring wife makes her home.   *Held*, On the proof, that the decree be modified by committing the children to the care of the father.

2. ———: COSTS.   The district court has power in divorce proceedings to decree costs against either party.

APPEAL from the district court for Kearney county. Tried below before GASLIN, J.

*A. H. Burnett,* and *M. A. Hartigan,* for appellant.

*St. Clair & McPheely,* and *C. H. Turner, contra.*

NORVAL, J.

The plaintiff filed a petition in the district court of Kearney county against the defendant for a divorce on numerous charges of adultery, and for the custody of their two minor children. The defendant's answer was a general denial and charges of extreme cruelty, also setting up a contract of settlement of their property right, and that there was still due the defendant from the plaintiff thereon the sum of $150. The reply was a general denial. A decree of divorce was granted the plaintiff as prayed for in the petition, at his costs. The custody and care of the children was awarded to their grandparents, Benjamin and Esther L. Williams. The court also found that there was due from the plaintiff to the defendant, upon the division of the property, the sum of $105, which amount the decree provided the plaintiff should pay in twenty days. The plaintiff appeals from that portion of the decree awarding costs, payment of money, and custody of the children.

The evidence contained in the record is ample to sustain the charges of adultery made against the wife, and that she is not a suitable person to have the care and education of the children. The Williamses, to whom they were ordered delivered, are the parents of the defendant, and with whom she makes her home, reside in Holyoke, Colorado. The placing of them in the hands of their grandparents practically puts them under the care and influence of the defendant, and deprives the father, the unoffending party, of the society of his children. True, the decree provides that the plaintiff may visit them, yet the court would be powerless

to enforce its order beyond the limits of the state. (*Miner v. Miner*, 11 Ill., 43; *Hewitt v. Long*, 76 Id., 399; *Campbell v. Campbell*, 37 Wis., 206.) The chief thing to be considered is the interest and welfare of the children. That the father, under the evidence, is a suitable person to have their care and control cannot be denied. He has ample means to provide for their wants and education. He appears to be greatly attached to them and has ever treated them with kindness. There is not a line in the record tending to show that he has ever in the least mistreated them. At the time of the separation of the plaintiff and defendant they were left under the care and custody of the father. They were still with him when the decree was rendered. We are satisfied that the welfare of the children requires that they remain with the father. The decree of the district court awarding their custody to the grandparents is therefore modified and the plaintiff is given their care, custody, education, and maintenance.

No error was committed in decreeing that the plaintiff should pay the defendant the sum of $105. It was simply carrying out the agreement of the parties made in settlement of their property interest. That amount was due the defendant under the settlement. The statute authorizes the trial court to decree costs against either party to a suit for divorce. (Comp. Stats., 1889, sec. 12, p. 446.)

The decree of the district court is modified so far as it relates to the custody of the children, and in all other respects it is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.