## LODEEMA FLORY v. CHARLES T. OSTROM.

*Divorce—Custody of child.*

Complainant is awarded the custody of her infant daughter, because of the failure of the defendant to give the child the care and treatment contemplated by the terms of an agreement made by the parties prior to the granting of a decree of divorce to complainant, and in consideration of which she relinquished such custody to the defendant, and because complainant is in a situation better to provide for the child

than defendant; the original decree being silent as to the custody of the child.

Appeal from Newaygo. · (Palmer, J.) Submitted on briefs June 24, 1892. Decided July 28, 1892.

Petition so to revise a decree for divorce as to give to the complainant the care, custody, and control of her infant daughter. Complainant appeals. Decree reversed, and one entered in accordance with the opinion, in which the facts are stated.

*C. C. Howell,* for complainant. -

*S. Wesselius,* for defendant.

LONG, J. These parties intermarried April 3, 1879, and one child, Cora Ettie, was born to them, January 31, 1880. June 3, 1890, the complainant filed a bill for divorce in the Newaygo circuit court in chancery, alleging cruel treatment, and praying for the custody of the child. After the bill was filed and subpœna duly served on the defendant, an agreement was entered into between the parties, by the terms of which the defendant agreed to convey, and did convey, to the complainant, certain real estate situate in the city of Grand Rapids. He was also to pay a certain mortgage incumbrance on the property from time to time as it became due, and to pay the taxes thereon; also to convey to her certain personal property, including all the household furniture owned by him. The complainant, in consideration of these conveyances to her, agreed in the writing to relinquish, and by its terms did relinquish, to the defendant, the care, custody, and control of the child, on condition that the defendant should take proper and suitable care of her, and provide her proper and sufficient clothing and suit-

able maintenance, that he should treat her with kindness, and that she should be properly educated; the complainant having the right at all reasonable times and places to see and converse with her uninterruptedly and freely, without hindrance, and to be informed where she was kept. The child was not to be taught to dislike or despise her mother. In case the defendant failed or neglected to carry out the terms of the agreement, the complainant was then to become entitled to the care, custody, and control of her daughter. A decree of divorce was granted, the defendant apparently failing to answer the bill or to contest the case. The decree was for absolute divorce, but made no provision for alimony or allowance, and no disposition for the care, custody, and control of the child.

Complainant subsequently remarried, and now files her petition to open the decree, and asks the aid of the court in regaining the custody of the child. It is alleged in the petition that the defendant has not kept his agreement in any particular; that he has not paid the mortgage on the property; and that he has not taken that care of the child stipulated, in that she has been taught to dislike her mother, is not being properly educated, and is badly treated at the house where her father keeps her. The father lives with his mother and a maiden sister.

On the hearing of this petition in the court below, a large number of affidavits were read upon both sides, and considerable testimony taken in open court in support of the charges made and in denial. The court, upon consideration of the whole case, entered a decree giving the father the future custody and control of the child, but providing that the mother should have the right at all suitable and convenient times and places to visit her

without hindrance from the defendant. No costs were granted. From this decree the complainant appeals.

By the answer to the petition the defendant did not claim that he had kept and performed his agreement by paying off the mortgage incumbrance or the payment of the taxes. He denies generally the other allegations of the petition. In the affidavits filed by him and testimony offered he attacks the character of the complainant as a fit and proper person to have the care and custody of the child. We do not think these charges are sustained by the proof. It appears in the case that the mother of the defendant is quite aged and feeble, and has a fever sore on her leg, and that her daughter is an invalid. It also appears that the child is compelled to do considerable of the work around the house, and is afflicted with sores which some of the doctors attribute to scrofula. The child was not called as a witness; but, from the whole record, we think the mother is not only a fit and proper person to have charge of her, but that it would be for the best interests of the child that she should live with her mother. Mrs. Flory is married to a man who is able and willing to provide for her daughter; and it is evident that Mr. Ostrom, living with an aged mother and an invalid sister, and in moderate circumstances, would be unable to give his daughter that consideration and care which a girl of these tender years demands, and which only a mother can give. It would profit no one to set out here the testimony which has led us to this conclusion; but it is apparent that the child has not had the care which was contemplated by the terms of the agreement between the parties, and that the mother is now in a situation better to provide for her. For these reasons the mother will be given the custody of her

daughter; the father, however, at all reasonable times, being permitted to see her.

The decree of the court below must be reversed, with costs, and a decree entered here in accordance with this opinion.

The other Justices concurred.