## ANNE BATES

*v.*

## HARVEY H. BATES.

*Filed at Ottawa May 11, 1897.*

1. DIVORCE—*divorced husband has a right to see his child.* A divorced husband has a right, under proper circumstances and at proper times, to see his child, in order to secure and retain his affection.

2. SAME—*when order awarding custody of child to his father one day each week is proper.* An order, modifying a divorce decree, which allows the husband to have the custody of his child one day each week, is proper, where the interests of the child will not be injuriously affected.

3. SAME—*order concerning custody of child may be changed as his interests require.* An order entered in divorce proceedings, prescribing the conditions under which the husband may see his child, may be changed at any time, if the privileges thereby given are abused or the interests of the child injuriously affected.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

L. H. BISBEE, for appellant.

KAVANAGH & O'DONNELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant having filed her bill for a divorce from appellee, he was defaulted for want of an answer, and upon an *ex parte* hearing a decree was entered October 21, 1895, finding appellee guilty of habitual drunkenness, dissolving the marriage and awarding to appellant the custody of Chester Bates, their son, then five years old. Appellee, having been denied the right to visit the boy, filed his petition May 6, 1896, for a modification of the decree, asking that he might have opportunity for visiting the child and that the child might be allowed to visit him. On a hearing of this motion the decree was modified so as to give to appellee the custody of the child from five o'clock of Friday in each week to the same hour of the next day, thus giving him the custody for one day in the week and appellant retaining such custody the remaining six days. Upon an appeal to the Appellate Court the order so made was approved.

Neither of the parties has any means or owns any home. Appellant lives with her father, who is in the saloon business, and who maintains a comfortable home for her and her child with his family. Appellee is a dentist, who lives with his father, a reputable physician, in an equally comfortable and well appointed home. The grandparents of the child on each side are willing to have him with them, and are abundantly able to provide for his comfort when in their respective homes. On a hearing of the motion appellee denied that he was or ever had been an habitual drunkard, and there was evidence tending to support his claim. He was not at that time drinking to excess. Considering all the evidence, we see nothing to indicate that the child would be injured by being in his company for one day in each week. The home of appellee's father, to which it was proposed to take him, was a very suitable one. It was the right of the father to see his child at proper times, and to secure

and retain his affection, if possible. We think that the order was a proper one.

When the order was made, appellant's solicitor proposed an order that appellee might call upon his son at her home from five to eight o'clock every Saturday evening, provided he should not, by word or act, try to induce the boy to leave such home, and should give a bond of $2500, with security, to carry out the terms of the order. Counsel insist that this order should have been entered instead of the one that was made. It appeared at the hearing that appellant and her family were exceedingly hostile to appellee, and she testified that she did not think he ought to see the child or to visit the house. It is clear that it would be very unpleasant for appellee to be compelled to see his child only under the conditions named in the proposed order. He would be merely imprisoned in the house with his child for the specified time. Under the circumstances proved in this case, where no harm to the child was to be apprehended from allowing him to go with his father, the court did not err in refusing to enter such an order as was proposed by appellant. If the privilege given by the order is abused or the interests of the child injuriously affected, it can be changed at any time.

The record shows that after the hearing of this motion appellant's attorney filed his affidavit that appellee had not paid $25 solicitor's fee, and $5 per week ordered to be paid as temporary alimony during the pendency of the divorce suit in which he was defaulted. If that fact had any relation to this controversy it should at least have been shown that the failure to pay was willful. It was not shown that any demand had been made or execution issued, and there may have been ample reasons to justify the neglect to make payment.

We are satisfied with the order appealed from, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*