EMMA FERGUSON v. B. A. FERGUSON, Appellant.

**Judgment for Alimony:** MODIFICATION. Where plaintiff, who has been granted a divorce, and a general judgment for alimony and attorney's fees, filed a supplemental petition for permanent alimony, etc., alleging that since the rendering of the decree defendant had resorted to fraud to defeat the collection of alimony, and that he claimed a homestead in part of his lands, such petition did not show a change in the circumstances of the parties, entitling plaintiff to the relief demanded under Code, section 3180, authorizing a court to make changes in a divorce decree in respect to property, parties, and maintenance, where circumstances render such changes expedient; there being no claim that defendant failed to fully disclose his property upon the trial of the original case or that he made then any misrepresentations as to the amount or value of his property.

*Appeal from Jones District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, APRIL 14, 1900.

ACTION in equity to enlarge alimony granted plaintiff in original decree, and to establish the same as a lien upon certain land of defendant. There was a decree for the plaintiff establishing the lien as prayed. Defendant appeals.—*Reversed.*

*J. S. Stacy* for appellant.

*C. W. Kepler* for appellee.

SHERWIN, J.—The original action was a divorce proceeding brought by the plaintiff against the defendant in Jones county. On the twenty-first day of December, 1897, a decree was entered divorcing the plaintiff from the defendant, and giving her a general judgment for alimony and attorney's fees in the sum of six hundred dollars. This action is supplemental to the original one. The petition herein was filed on the twenty-second day of October, 1898. The plaintiff prays that she be given one thousand dollars permanent alimony, and two hundred dollars for attorney's fees, and that the judgment therefor be established as a lien upon the defendant's land. The prayer for the modification of the original decree is based upon section 3180 of the Code, which is as follows: "When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties, as shall be right. Subsequent changes may be made by it in these respects when circumstances render them expedient." Upon the trial of the original case the defendant fully disclosed his property, both real and personal. It appeared from his testimony that he owned eighty acres of land in Davis county, Iowa, which was mortgaged for one thousand two hundred and fifty dollars, and that that was all the land he did own. It is not contended that he made any misrepresentations as to the amount or value of his property. But the plaintiff does allege that, since the judgment for alimony

was rendered against him, he has resorted to deceit and artifice to defeat its collection, and that he is claiming a homestead right in a part of this land. A general demurrer to the petition was interposed, which was overruled by the trial court. This demurrer should have been sustained. Section 3180 is substantially the same as section 2537 of the Revision. That section was construed and applied to a case precisely like the one at bar in all essential respects in *Wilde v. Wilde,* 36 Iowa, 319. In the above case the court followed *Blythe v. Blythe,* 25 Iowa, 266, where it is said: "Although the court granting a divorce has, by force of our statute, power to make changes in the decree in respect to property or children, yet this power certainly ought not to be exercised, only upon such change of circumstances as demand a change in the decree. That is to say, the original decree is conclusive upon the parties as to their then circumstances, and the power to make changes in the decree is not a power to grant a new trial, or retry the same cases, but only to adapt the decree to the new or changed circumstances of the parties." No new or changed circumstances of the parties were pleaded in this case. The defendant had the same homestead right when the original general judgment was rendered against him that he has now. That he has failed to pay that judgment, and is now seeking to avoid it, does not bring the case within the statute. The plaintiff objects to the record presented to this court. It presents the pleadings, and, as no evidence additional to that offered upon the trial of the original case was before the court, it is sufficient for a determination of the question before us. The judgment of the trial court is REVERSED.