FANNIE W. CROCKETT, Appellee, v. FRANK W. CROCKETT, Appellant.

**Divorce:** CUSTODY OF CHILDREN: MODIFICATION OF DECREE: EVIDENCE. When an order respecting the custody of children is made in a divorce action it is conclusive between the parties, unless it is subsequently made to appear that by reason of some changed circumstances or conditions its enforcement would result in positive wrong or injustice. The evidence in the instant case reveals no such change in conditions as call for a modification of the decree.

*Appeal from Hardin District Court.*— HON. W. D. EVANS, Judge.

TUESDAY, APRIL 10, 1906.

REHEARING DENIED, WEDNESDAY, NOVEMBER 21, 1906.

As originally commenced in the year 1901, this action was for a divorce, and for the custody of the minor child of the parties. A divorce was granted in accordance with the prayer of plaintiff, and in the decree provision was made for the custody of the child. Such provision as to custody was modified on application of plaintiff by a supplemental decree, and it is from this decree that defendant appeals.— *Reversed.*

*Albrook & Lundy,* for appellant.

*J. H. Scales* and *Ward & Hays,* for appellee.

BISHOP, J.— The parties to this action separated in June, 1901. It seems that proceedings for divorce were contemplated, and, in view thereof, and on June 20th, an agreement in writing was entered into having relation to the prop-

erty interests of the parties and the custody of their child, a boy, then five years of age. The provision of the writing respecting custody was as follows: "It is further agreed that, for three years from this date, Fannie W. Crockett shall have the care, custody and control of their minor child, Carroll E. Crockett, and that for the next three years Frank W. Crockett shall have the care, custody and control of said child, and that each party during the time they respectively have the care and control of said child shall furnish him suitable care, support and schooling, and permit the other to visit him at all reasonable times." The defendant answered the petition for divorce, setting up among other things said agreement and praying that his rights be protected. The action came on to be heard before the court, Judge Weaver presiding, on October 17, 1901, and a decree was entered granting a divorce to plaintiff. As to the matter of custody the court found that an agreement had been made and entered into as quoted by us above, and found "that it is to the best interest of the parties to the suit, and of the said Carroll E. Crockett, that his care and custody shall be such as indicated in said written agreement." Accordingly, it was adjudged and decreed "that the care, custody and control of said minor child, Carroll E. Crockett, be and the same is hereby awarded to the said Fannie W. Crockett for the three years beginning June 10, 1901, with the limitations set forth and indicated in said written agreement; and that for the next three years the care and custody of said Carroll E. Crockett is awarded to Frank W. Crockett, with the conditions and restrictions indicated in said written agreement. It is further decreed, however, that, in the case of the marriage of the said Fannie W. Crockett at any time prior to the termination of the three years above indicated, the right of control of the said Carroll E. Crockett shall be transferred to the defendant, Frank W. Crockett."

Following the expiration of three years, and on June 20, 1904, defendant applied to plaintiff for the custody of

the child and was refused. In July, 1904, plaintiff filed in said action a petition asking for a modification of the decree in respect of the matter of custody, and praying that she be given custody of the child without limitation or qualification. The matters of fact alleged as a basis for such modification are, in brief, that the agreement upon which the original decree was predicated was obtained by duress; that the best interests of the child will be subserved by his remaining with her, and she says that she has already conveyed to him property of the value of $20,000, and made large additional provision for him by will, which he will receive if allowed to remain with her, and that she can give him advantages in life such as he could not have if taken away from her; that the condition and situation of the parties has changed since the entry of the original decree, in that defendant now resides out of the judicial district and in the city of Des Moines, so that " she would be practically isolated from him and deprived of the consolation of seeing and watching over her child, unless, perhaps, under such circumstances and conditions as to make the right nugatory and barren." Defendant appeared, and by answer made denial of the allegations as to duress and change of condition and situation of the parties. His own affection for the child is asserted, and he alleges his ability to properly care for, support, and educate the child. In view of the facts, and by way of a special pleading, he challenges the jurisdiction of the court to modify the decree as prayed by plaintiff. In a cross-petition he prays an order to carry into effect the provisions of the original decree. The issue thus made up came on for hearing before the court, Judge Evans presiding, and a decree was entered by which the provision of the original decree was so far modified as that the custody of the child was awarded to plaintiff, without limitation of time or place. With the record of the case there comes to us an opinion filed by the trial judge, and therefrom it appears that the provision of the original decree as to custody

was considered as temporary only, and subject at any time to change by the court, as the best interests of the child might seem to demand.   Of the matters alleged by plaintiff, the plea of duress was ignored, and the fact of the removal of defendant to Des Moines was not in terms referred to. Apparently, the latter fact was given consideration only in arriving at a conclusion as to the best interests of the child. The opinion concedes the fitness of defendant to have custody, and of his ability to furnish a proper home, support, and educational facilities.   Finding that the best interests of the child, presently indicated, will be promoted by continued custody on the part of plaintiff, the decree complained of was ordered.

With the conclusion as thus reached by the trial court we cannot agree, and we shall state our reasons as briefly as may be.   To begin with, it is a rule of the statute that " when a divorce is decreed the court may make such order in relation to the children, property, etc., as shall be right.  Subsequent changes may be made by it when circumstances render them expedient."   Code, section 3180.   And in the light of the statute, and giving construction thereto, we have held repeatedly that a decree fixing custody or awarding alimony, etc., is conclusive, unless it shall be made to appear that by reason of some change of circumstances or condition not known to, or within the contemplation of the court an enforcement of its decree will be attended by positive wrong or injustice.   *Blythe v. Blythe,* 25 Iowa, 266; *Wilde v. Wilde,* 36 Iowa, 319; *White v. White,* 75 Iowa, 218; *Reid v. Reid,* 74 Iowa, 685; *Ferguson v. Ferguson,* 111 Iowa, 158.   In *Blythe v. Blythe* it was said that "the original decree is conclusive upon the parties as to their then circumstances, and the power to make changes in the decree is not a power to grant a new trial or retry the same case, but only to adapt the decree to the new or changed circumstances of the parties."   This language is quoted in approval

in the late case of Ferguson v. Ferguson, and it expresses the thought which runs through all the cases. And in reason this must be so, as otherwise we might be confronted more or less frequently with the intolerable spectacle of a court — presided over by the same judge, or, as in this case, by another judge — sitting in review of its own decree, and, having substantially the same facts and circumstances before it, ordering a reversal. It is fundamental doctrine that a matter, including all phases which are or should have been brought to the consideration of the court, which has been once litigated and passed into judgment or decree, must be considered as settled beyond recall. The rule and the reason for it spring readily to the mind of every lawyer. And the rule has application to divorce cases, and to matters collateral thereto, equally with all other cases, save that as authorized by the statute, and as dictated by that tender solicitude for the welfare of children by which the courts should ever be actuated, a change may be made, whenever adequate cause arising out of changed conditions shall be made to appear. And such is the rule in other jurisdictions. The cases are collected in 14 Cyc. 811, and, among others, are the following: *Bates v. Bates,* 166 Ill. 448 (46 N. E. 1078); *Bryan v. Lyon,* 104 Ind. 227 (3 N. E. 880, 54 Am. Rep. 309); *Railey v. Railey,* (Ky.), 66 S. W. 414; *Flory v. Ostrom,* 92 Mich. 622 (52 N. W. 1038); *Eckhard v. Eckhard,* 29 Neb. 457 (45 N. W. 466); *Cariens v. Cariens,* 50 W. Va. 113 (40 S. E. 335, 55 L. R. A. 930); *Wilson v. Elliott,* 96 Tex. 472 (73 S. W. 946, 75 S. W. 368, 97 Am. St. Rep. 928.) See, also, *Graves v. Graves,* 108 Mass. 314; *Sparhawk v. Sparhawk,* 120 Mass. 391.

It is not conceived by us that the rule to which we have thus referred, and the authorities supporting it, went unnoticed by the learned judge upon whose order the decree appealed from was entered. The opinion filed by him makes it manifest to our minds that the order as made grew out of an erroneous conclusion as to the effect of the original

decree entered by the court; Judge Weaver presiding.  In the course of such opinion, construction is sought to be put upon the original decree as being one providing only for the temporary custody of the child; that such decree was not in a material sense intended to be final, and hence, as said in the opinion, it was open to modification at any time with or without change of circumstance or condition.  The error of this position becomes manifest on mature reflection.  It must be borne in mind that the court was called upon to deal with a decree, and not a mere order providing for custody *ad interim.*  Decrees, as distinguished from mere orders, are either interlocutory or final.  " An interlocutory decree is properly a decree pronounced for the purpose of ascertaining matter of fact or law preparatory to a final decree."  And a decree is final when the whole controversy between the parties has been considered, all " equities reserved " have been disposed of, and nothing remains to be done but to carry it into execution.  Fletcher, Equity Pl. & Pr., section 700.  Otherwise than by appeal, or by force of some direct statute on the subject, a final decree is not subject to change or modification for errors judicial.  And this is too well understood to require a citation of authorities.

Now at the time of the entry of the original decree, the case in its every phase was before the court for final disposition on the merits.  It was found that plaintiff was entitled to be divorced from defendant, and, as to the child, it was found that the necessities of the case demanded only that custody should be decreed for a certain period of time.  Having so determined, these matters were embodied in the decree.  Presumably, in so ordering, the court acted upon the thought that, as to the period of time beyond that agreed upon between the parties, and included in its adjudication, it was better to leave the matter of custody open to possible further agreement between the parties; or, at least, that the matter of such future custody should be untrammeled by

the provisions of a decree presently entered.    It was in effect a denial of any present right to have custody decreed beyond the period of time fixed and determined upon as within the necessities of the case.    And most certainly it was not within the purpose of the decree that, during the continuance of such period, the matter of custody should be open to change and rechange, as the whim or desire of either of the parties might suggest, and according to the view of some succeeding judge respecting the conclusion proper to be drawn from the fact conditions upon which the decree was bottomed.    Had the decree covered the entire period of minority, it could have been modified only by the same court, and, as we have seen, not then except upon showing of new conditions demanding such modification.    The decree as entered left every question having relation to the best interests of the child and the rights of the parties to be taken up as matter of first impression, when such decree had spent its force, by any competent court whose jurisdiction might be invoked. Having awarded to the parties all the relief they were found entitled to, it follows that there was a disposition of the cause.    It was at an end, and the decree became final.    The cases bearing on the subject of what is a final decree are fully collected in 3 Words and Phrases, 2774.    Among others, are these:    Bostwick v. Brinkerhoff, 106 U. S. 3 (1 Sup. Ct. 15, 27 L. Ed. 73) ; Travis v. Waters, 12 Johns. (N. Y.) 500; Griffin v. Orman, 9 Fla. 22; Chicago, etc., Co. v. Auditor, etc., 100 Ill. 478; Sims v. Sims, 94 Va. 580 (27 S. E. 436, 64 Am. St. Rep. 772) ; Linn v. Arambould, 55 Tex. 611; Coltrane v. Templeton, 106 Fed. 370 (45 C. C. A. 328).    In re Smith's Estate, 98 Cal. 636 (33 Pac. 744). As the decree was final respecting the period covered by it, we must hold that there was no power of modification on the part of the court, except as given by the statute.

The case being here for trial de novo, we have examined the record to ascertain if any change of circumstance has been shown demanding a modification of the decree, and we

find none.   The evidence makes it appear that defendant is in all respects a fit and proper person to have the custody of the child.   He has a good home presided ·over by his married sister, an estimable woman who is fond of the child, and for whom the child has affection, and such home is in close proximity to an excellent school.   The fact that defendant now resides in the city of Des Moines is not, in our opinion, a change of condition, within the meaning of the statute.   Neither the agreement between the parties nor the decree restricts the parties as to place of residence, and we think no undue hardship is imposed upon plaintiff, who is a woman of considerable wealth in her own right, by the necessity of going to Des Moines to make her visits to the child. And especially, as we think, she is in no position to complain, in view of the fact disclosed by the record that in the past she has gone far to make the visits of defendant to the child at her home disagreeable, if not quite impossible.   We shall not attempt to go into the details.   Suffice it to say, in conclusion, that we find that the matter of custody, as provided for in the original decree, was fairly consented to by both parties, and we are bound to presume that such decree was entered with a full understanding of the situation and the necessities of the case.   It follows that the supplemental decree appealed from must be, and it is, reversed. Defendant may have a final order in this court, awarding to him the custody of the' child conformably to the intent of the decree as originally entered.   In view of the fact that custody has been withheld by plaintiff pending this litigation, the order shall provide for custody for three years from and after the date custody is taken under such order. The order shall also contain a provision that custody shall continue within this State.— *Reversed.*