Bertha Peitzman v. John H. Peitzman, Appellant.

Divorce: support of child: additional support: change of circumstances: evidence. A decree of divorce awarding alimony and the custody of a minor child is conclusive of the question of alimony, so long as the circumstances of the divorced party to whom the custody of the minor was awarded remains unchanged; and a supplemental proceeding for additional support of the child

can not be maintained without a showing of change of circumstances requiring the same. The decree in question gave the custody of the child to the wife and required the husband to help support the child by specified monthly payments. In this proceeding for additional support it appears that the wife had become unable on account of illness to contribute as much towards its support as was contemplated when the decree was rendered, that illness of the child necessitated a larger amount for its support, and that the unwarranted conduct of the husband had deprived the wife of a source of her income. *Held,* that such a change in circumstances is shown as to authorize the court to grant additional alimony for the support of the child.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

TUESDAY, MARCH 15, 1910.

THIS is a proceeding in equity to secure a modification of a decree of divorce, rendered in favor of plaintiff and against defendant, providing for the payment of alimony to plaintiff at the rate of $2.50 per month for five years toward the support of a child, the custody of which was awarded to plaintiff. The modification asked was that defendant be required to pay $20 per month toward the support of said child, and the decree was modified by the court by ordering defendant to pay the plaintiff, for the use and benefit only of said child, the sum of $10 per month until the further orders of the court. Defendant appeals. *Affirmed.*

*Woodin & Ayres,* for appellant.

*A. D. Pugh,* for appellee

MCCLAIN, J.—It is well settled under our statutory provisions that, where a decree of divorce has been granted and custody of child awarded to plaintiff with alimony,

the decree is final and conclusive as to the alimony to be paid so long as the circumstances remain the same, and a supplemental proceeding for additional support for the child can not be maintained without showing a change of circumstances requiring an additional allowance. See *Ferguson v. Ferguson,* 111 Iowa, 158, and *Crockett v. Crockett,* 132 Iowa, 388, construing and applying Code, section 3180. The only question presented on this appeal is whether the evidence shows such change of circumstances as to justify a modification of the decree.

It appears that in the original decree of divorce the custody of the child was awarded to plaintiff, and defendant was required to pay towards the support of the child $150 in a lump sum and $2.50 per month for five years. These provisions were embodied in the decree by the consent of the parties. It appears by the evidence that since the rendition of the original decree plaintiff has become unable, on account of ill health, to contribute as much toward the support of the child as it was contemplated that she would be able to contribute at the time the decree was rendered, that the illness of the child has necessitated a larger amount for its support than was then within the contemplation of the parties, and that by the unwarranted action of the defendant in objecting to the employment of the plaintiff by the Germania Maenner Chor, of which he was a member, so long as she took the child with her, the plaintiff has been deprived of a source of income which she previously enjoyed by giving lunches at the meeting of the society. The source of income just referred to would have continued, as the evidence tends to show, had the defendant not complained to the society of the employment of plaintiff at its social gatherings and picnics, so long as she took the child with her, and it appears that, as plaintiff had no one with whom she could leave the child, who was under seven years of age, she must abandon the employment under that condition. The lunches which

plaintiff was accustomed to provide at the meetings of the society were given by the Ladies Auxiliary, and there is nothing in the record to indicate that the conditions surrounding the giving of these lunches were such as to render it improper for plaintiff to take the child with her on these occasions.

We think the changes of condition shown by the record were such as to justify the action of the court in decreeing the payment of a larger amount per month by defendant, to plaintiff for the support of the child, and the decree is *affirmed.*