## No. 11,879.

### KEIM v. KEIM.

Decided January 23, 1928.

Proceedings in contempt for nonpayment of alimony. Defendant discharged.

### *Reversed.*

1. DIVORCE AND ALIMONY—*Alimony—Contempt.*  A divorced husband who, according to his own testimony, was earning sufficient to pay alimony to his former wife as ordered, but who, acquiring another wife and assuming the incidental financial duties, failed to pay, held grossly in contempt.

2.     *Alimony—Remarriage.*  A divorced husband who was ordered to pay alimony and had considerable earning capacity although with-

out money or property, was bound to pay the alimony, and while it was legal for him to remarry, the assumption of new marriage relations did not excuse him from complying with the order of court.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. PHILIP S. VAN CISE, Mr. KENNETH W. ROBINSON, for plaintiff in error.

No appearance for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

THE district court refused to commit the defendant in error for contempt in failure to pay alimony to plaintiff in error, his divorced wife, for the support of herself and their minor son. She brings error. There is no brief on his part. The action was by the wife.

The case was tried to the court May 22, 1925. The court made findings of fact that the defendant was guilty, approved a property settlement which gave plaintiff the home and furniture and $150 per month for the support of herself and son, and recited that defendant owed $189.38 as of May 1, 1925. October 17, 1925, the defendant had paid nothing and on petition of plaintiff an order to show cause was issued. The defendant answered, claiming that he had no property and that it required all he could earn, which was but $75.00 per month, to live on. Pending this contempt proceeding a divorce decree was entered November 24, 1925, which required $150 per month to be paid into the registry of the court commencing as of May 1, 1925. Still defendant paid nothing.

May 24, 1926, the court discharged him from contempt and entered a supplemental decree which reduced the

alimony to $50.00 per month from that date, to be paid into the registry of the court. The defendant paid nothing pursuant to this order. July, 1926, he married a second wife. March 4, 1927, proceedings in contempt were begun again. At a hearing on this matter he testified that he had sent his son and divorcee some $305. One hundred dollars of this they admitted but denied the rest. He earned and received $2,193.12 in 1926 and $272.80 in 1927 up to March 21st.

The court found that defendant "is without property or [and] without money"; that he had remarried but that it was "legal for the defendant to remarry; that the evidence here does not show that it has made any difference in his financial condition" and on the authority of *Miller v. Miller*, 79 Colo. 118, and 609, 244 Pac. 66, 247 Pac. 567, discharged him from contempt. This was error.

It was proven by defendant's own testimony that in 1926 he earned $182 per month during which time he defied the court. Being able, according to his own answer to the previous contempt charge, to pay the $50 per month, ordered in May, 1925, yet in July, 1926, he acquired another wife and assumed the incident financial duties. We think him grossly in contempt.

The reasons given by the court for discharging him seem insufficient. Even if without money or property still he had a considerable earning capacity and was bound under the court's orders to share it with his divorcee and son; and even though it was legal for him to remarry it was not legal for him or rather he could not assume duties which would excuse him from obedience to the court, and therefore the question whether the new marriage had "made any difference in his financial condition" was irrelevant.

The case of *Miller v. Miller, supra,* does not reach the present facts. There the defendant had been guilty of contempt, but had suffered a considerable imprisonment for it and we held that his past contempt had been pun-

ished enough, that his liabilities were too great for his ability, and ordered them reduced, and directed the enforcement of the reduced amount. There is nothing in that to support the discharge of this defendant.

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent herewith.

MR. JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.