AUREL M. NEWBURN, Appellant, v. JAY H. NEWBURN, Appellee.

No. 40338.

JUNE 23, 1930.

*Vernon W. Lynch,* for appellant.

No appearance for appellee.

STEVENS, .J.—The ·decree in the· divorce action awarded to plaintiff as alimony the home of the parties, the household furniture, and $5.00 per week for 52 weeks, unless plaintiff sooner married. It also provided that the defendant pay all bills incurred prior to the date of the decree, together with attorney fees for her attorney, and required the defendant to pay $10 per week to the plaintiff for the support of Donald Jay Newburn, their minor child, until he attained the age of 16 years. At the time of the application for the modification of the decree, Jay was 9 years old. The application is based upon Section 10481 of the Code of 1927, and alleges a substantial change in the circumstances of the parties. At the time of the rendition of the decree of divorce, appellee was earning $35 per week. In addition, he had a small income from one other source, which does not now exist. Appellee testified that the income from the source stated was inconsequential. Appellee is still earning $35 per week. He alleges that his health is impaired; that he has been sick, and compelled to incur expenses because thereof; and that the ability of appellant to support the minor child has materially increased since. the divorce was granted. It appears, however, that, notwithstanding the alleged impairment in the health of appellee, his weekly income was not, and has not been, thereby impaired.

At the time the decree of divorce was entered, appellant was without means of support. The provision in the decree for the payment of $5.00 per week to her for 52 weeks was intended to aid her to defray the necessary expenses of preparing herself to earn an income which would provide means for the support of herself, and to aid in supporting Jay. Immediately before the hearing of this application, appellant was earning $90 per month as salary, and receiving $35 per month rent from the home awarded to her as alimony. She had, however, at the time of the trial voluntarily resigned her position. Two reasons are assigned for having done so: one, that she was not well, and needed a rest; and the other, that she desired to enter a commercial college, for the study of stenography and typewriting. in order that she might fit herself to earn a larger income.

The only remaining change in the circumstances of the parties is the remarriage of the appellee. This occurred six or seven months after the decree of divorce was entered. It is

shown by the evidence that his present wife would soon give birth to a child.

· The question before us is: Was such change in the circumstances of the parties proven as justified a modification of the decree? The modification allowed was of $10 per month after April 21, 1930. The date of this decree is October 21, 1929.

The statute, Section 10481, authorizes the court, upon proper application, after a divorce decree has been granted, to modify the same, upon proof of substantial changes in the circumstances of the parties which render such modification expedient. This statute has been many times considered and applied by this court. It has always been held that the original decree is conclusive upon the parties as to the then circumstances of the parties, and that the power to grant a modification in the decree is not a power to grant a new trial, or to retry the same issues, but only to adapt the decree to the changed conditions of the parties. *Blythe v. Blythe,* 25 Iowa 266; *Fisher v. Fisher,* 32 Iowa 20; *Wilde v. Wilde,* 36 Iowa 319; *Reid v. Reid,* 74 Iowa 681; *White v. White,* 75 Iowa 218; *Ferguson v. Ferguson,* 111 Iowa 158; *Ostheimer v. Ostheimer,* 125 Iowa 523; *Youde v. Youde,* 136 Iowa 719; *Kinney v. Kinney,* 150 Iowa 225; *Schlarb v. Schlarb,* 168 Iowa 364; *Spain v. Spain,* 177 Iowa 249; *Keyser v. Keyser,* 193 Iowa 16; *McNary v. McNary,* 206 Iowa 942; *Morrison v. Morrison,* 208 Iowa 1384.

Where the showing made is sufficient, under the statute and the holdings of this court, to entitle the applicant to a modification of the decree, the court, in passing thereon, exercises a large discretion, which will not be interfered with unless abused. Was such showing made in this case? As stated, at the time of the entry of the original decree, appellant was without other means or property than that granted her thereby. Appellee testified that he agreed to the provisions of the decree for alimony and the support of the minor child, and that the purpose of the $5.00 weekly payments was to aid appellant to prepare herself to earn a livelihood. Clearly, therefore, the decree contemplated that appellant would, by the aid awarded to her, in due time be enabled to substantially maintain and support herself and child. The earnings which she has been receiving do not alone, therefore, constitute such change in the condition of the parties as to

justify the modification of the decree because thereof. They are only such as were contemplated by the original decree.

The only remaining proposition to be discussed is the effect of appellee's remarriage and the obligations assumed thereby. Appellee must be held to have known of the provisions of the decree to which he agreed, and of the obligations imposed thereby, at the time he remarried. His right to remarry is not questioned, nor are the rights and necessities of the new family to be minimized. Perhaps a case might arise in which the facts and circumstances shown in favor of the husband against whom a judgment for alimony exists, would make proper a consideration of his remarriage, in the adjustment of equities on an application to modify the decree. There is some diversity in the holding of courts in other jurisdictions upon this question. All, however, agree that the remarriage of the husband, together with the obligations thereby assumed, will not alone present such change in the circumstances of the parties as to justify a modification of the decree. *Humbird v. Humbird,* 42 Ida. 29 (243 Pac. 827); *Keim v. Keim,* 83 Colo. 277 (263 Pac. 716); *State ex rel. Brown v. Brown,* 31 Wash. 397; *Winter v. Winter,* 95 Neb. 335 (145 N. W. 709); *Kelly v. Kelly,* 194 Mich. 94 (160 N. W. 397); *Smith v. Smith,* 139 Mich. 133 (102 N. W. 631); *Kinney v. Kinney* (Mo. App.), 231 S. W. 267.

This precise question has not been passed upon by this court. Reference is made thereto, however, in *Morrison v. Morrison,* 208 Iowa 1384. The application in that case was by the former husband for a reduction of alimony. The application was granted in part, and the applicant appealed. The decree was affirmed. Apparently, one of the grounds relied upon by the appellant for the modification of the decree was his remarriage, and the responsibilities due to the birth of children which were assumed thereby. The reference in the opinion is a mere recital of the record, coupled with the observation that the children of appellant were not responsible for their existence, and were dependent wholly upon their father for support. Nothing contained in our decision of the *Morrison* case is in conflict with the conclusion here reached, that the remarriage of appellee, coupled with the obligations assumed thereby, does not alone constitute such change in the circumstances of the parties as is contemplated by the statute. The amount involved is small, but it is no doubt

important to the parties. We. are bound by the statute and the rules established in our prior pronouncements.

We reach the conclusion that the record does not disclose such change in the circumstances of the parties as to justify a modification of the decree.—*Reversed*.

All the justices concur.