GRACE P. KIRK, Appellee, v. CHARLES M. KIRK, Appellant.

No. 43317.

DECEMBER 15, 1936.

Wells C. Peck, for appellee.

Edward J. Dahms, for appellant.

ANDERSON, J.—Both plaintiff and defendant filed applications for modification of an order and judgment providing for support and alimony payments. Both applications were denied. Only the defendant, Charles M. Kirk, appeals.

In January, 1926, a divorce was granted the appellee herein from the defendant, appellant. The decree provided for the payment by the appellant to the appellee of the sum of $40 per month for the support, care and maintenance of the appellee and her three minor children.

Subsequently both parties were remarried, the appellee later securing a divorce from her second husband, and the appellant still living with his second wife. The appellee having the care of the minor children until the older of the three was married. At the time of the hearing, from which this appeal is taken, the two remaining children were ten and thirteen years old, respectively.

In April, 1933, upon the appellant's application, the judgment for support and alimony was modified by the following order:

"The Court finds that conditions have so changed since the original decree was entered and previous applications for modification were acted upon by the Court, and on account of defendant's disability to earn as much wages, there should be a temporary modification of plaintiff's allowance. It is therefore ordered that while defendant does not have employment for more than six hours per day, he should pay the plaintiff the sum of $25 per month until his employment is extended beyond six hours a day, when he will pay the amount fixed by the original decree."

Payments under this order were made up to about Novem-

ber, 1934, at which time the appellant decreased the payments to $15 per month. The appellee filed an application for the restoration of the provisions of the original decree, which was resisted by the appellant, and appellant filed an application to further modify the decree and reduce the monthly payment to $15 per month. As indicated, both applications were denied and the defendant, appellant, was ordered to pay alimony to the plaintiff, appellee, at the rate of $25 per month. From this order the defendant has appealed.

The record does not disclose what the defendant, appellant, was earning or what property he had at the time the original decree was entered, but it does show that when the decree was modified in April, 1933, he had no property other than his earnings; that he was working six hours per day at fifty cents per hour, and that his monthly earnings amounted to about $48. At the time of the hearing, upon which this appeal is based, it appears that the defendant was regularly employed at a salary or wages in excess of $100 per month, or more than twice the amount of his earnings at the time the decree was modified. The record also shows that his second wife had been employed until a short time before the last hearing, and that the appellant and his second wife were living with his mother in the city of Cedar Rapids, Iowa, with no rent to pay other than eighteen or twenty dollars a year for taxes, and some small amounts contributed to his mother. He claims that his health has become impaired by reason of hernia, and an infection of the teeth, and that he has been unable to have these matters corrected by reason of insufficient funds. The appellee is furnishing a home for herself and one of her minor children and clothing and contributing to the support of the other minor child; that she is also furnishing a home for her married daughter and husband, he being out of employment and receiving but four dollars a week from relief set-ups. The record also shows that the appellee has no property and earns approximately $30 per month washing dishes in an hotel; that she is afflicted with varicose veins in her limbs, and that she, as well as her two children, have been under the care of physicians repeatedly; that the physician had prescribed rubber leg bandages but that she could not obtain funds with which to buy the same. It was upon such record that the trial court refused to modify the decree providing for monthly payments of $25 to be made to the plaintiff, appellee.

Under section 10481 of the Code a large discretion is lodged with the court in matters of this kind, and this court has repeatedly held that such discretion will not be interfered with unless it has clearly been abused. Newburn v. Newburn, 210 Iowa 639, 640, 231 N. W. 389, 390; Schneider v. Schneider, 207 Iowa 189, 190, 222 N. W. 400, 401.

In the last cited case this court said:

"The matters considered in this application were matters wholly within the discretion of the court; and since he had the parties before him, and knew and understood the situation in the case; and reached the conclusion he did, we have no disposition to disturb the same on this appeal."

In the Newburn case, supra, the reason upon which an application for a modification of alimony payments was the impairment of health of the defendant, and in determining that issue this court said:

"It appears, however, that, notwithstanding the alleged impairment in the health of appellee, his weekly income was not, and has not been, thereby impaired."

In the case at bar the evidence shows without dispute that the appellant's earnings have not been impaired in any way in consequence of any alleged physical disability, but on the contrary have doubled since the prior hearing.

We conclude that there is not shown a sufficient change in circumstances of the parties since the entering of the former order to warrant the changing or modification of that order. We further conclude that there was no abuse of discretion on the part of the trial court, and the order appealed from must be and it is affirmed.—Affirmed.

PARSONS, C. J., and MITCHELL, KINTZINGER, STIGER, HAMILTON, DONEGAN, RICHARDS, and ALBERT, JJ., concur.