**Mary Louise Ruberts, Appellant, v. Edwin M. Ruberts, Appellee.**

**Gen. No. 10,808.**

Second District.

January 13, 1955.

Rehearing denied February 1, 1955.

Released for publication February 8, 1955.

■■■

Cassidy, Sloan & Cassidy, of Peoria, for appellant.

George C. Hupp, of Ottawa, for appellee.

MR. JUSTICE CROW delivered the opinion of the court.

Plaintiff has appealed from an order of the circuit court of La Salle county, entered June 22, 1954, modifying the provisions of a divorce decree granted May 9, 1952. The order of modification was based upon a petition of the defendant, appellee here, filed March 18, 1954, seeking the care and custody of two minor children during the summer months and for one week during the Christmas vacation. The decree of divorce found defendant guilty of adultery, and awarded the care and custody of the children to the plaintiff, allowing the defendant to visit them at the home of plaintiff at all times consistent with their education and health. After hearing had upon defendant's petition to modify and answer thereto, the trial court on June 22, 1954, entered an order finding the defendant, father, a fit and

proper person to have visitation of said minor children; that he has since the 9th day of May 1952, remarried; that he now resides with his second wife and her minor child in Ottawa, Illinois; that he was gainfully employed; that he has since July 6, 1953 (when the parties were informally in court on a prior petition by defendant on which no order was entered and which is not now before us) complied with all orders and instructions of the court; that he was in arrears in the sum of $952.90 in payments on child support and an alimony, dower and homestead settlement to his former wife; that he was presently adequately prepared and capable of having the visitation of the children in his own home for certain periods of the summer months and at various other times throughout the year. The order decreed that the defendant father, be allowed to have the children visit and stay in his own home from June 26, 1954 to July 25, 1954, and the same time each year thereafter, and for 2 days in each of the months of October and March thereafter until the further order of the court, but otherwise continued the care, custody and control of the children in the mother, with her right of visitation of the children when they were in the home of defendant.

Plaintiff in her appeal claims, as follows: (1) That the previous decree fixing the custody of the children is final and should not be modified unless conditions have materially changed since the decree and such changes adversely affect the welfare of the children so as to require a modification; (2) that the order of June 22, 1954 of the trial court is a change in custody and not a modification of a visitation privilege; (3) that the defendant did not come into court with clean hands upon the present petition by reason of his being in arrears in the payments of $952.90.

Evidence was produced at the hearing to the effect that plaintiff has since the divorce moved to Carthage, Illinois, a distance of 190 miles from Ottawa, Illinois,

where the parties lived before the divorce and where the defendant now resides and is now employed; and that that circumstance and his present conditions of employment place an additional burden upon him with respect to his visitation of the children.

 The order appealed from relates only to the subject of visitation, not custody, and it appears that that was the only modification effected by the trial court, as that court continued the full care, custody, and control of the children in the mother. It is noted that the order of the trial court gives the plaintiff the right of visitation of the children during the time when they would be in the home of the defendant. We do not believe that the order allowing the father to have the children in his home for a month in the summers and two days in each October and March creates a change in custody rather than a modification of the visitation privilege and we do not consider the two cases cited by appellant, namely, Lucchesi v. Lucchesi, 330 Ill. App. 506, and Kulan v. Anderson, 300 Ill. App. 267, applicable, for in each case, the litigants there were one of the divorced parents and a relative of the other divorced parent who was deceased since the divorce. The relative of a deceased divorced parent who requests some change as to a child necessarily does not stand in the same position as does the living divorced parent himself as in the case at bar.

 We do not believe that under the particular facts in the case before us the order of the trial court materially abridged the plaintiff's rights to the custody of the children. Certainly the chancellor should be allowed broad discretion when the question of altering visitation privileges is involved: Wade v. Wade, 345 Ill. App. 170. In Bates v. Bates, 166 Ill. 448, it was held that although the father was found guilty of drunkenness and the mother given custody of a child, yet it was the right of the father to see his child and to secure and retain its affection, if possible.

137

The appellant makes a point of the fact that the defendant allegedly does not come to court with clean hands. The trial court must have thought otherwise, because it found that defendant since his appearance in court, July 6, 1953, had complied with all orders and instructions of the court. There is no charge or evidence to the effect that defendant has wilfully failed to make payment to the plaintiff in compliance with the original decree.

██ We believe that proper and sufficient evidence has been produced to warrant the order of July 22, 1954 appealed from with respect to the modification of the prior decree as to the defendant's visitation privilege.

The order of the circuit court of La Salle county modifying the decree is affirmed.

Order affirmed.

DOVE, J., concurs.