**Marlene Blonsley, Plaintiff-Appellant, v. Gilbert S. Blonsley, Defendant-Appellee.**

**Gen. No. 49,411.**

First District, Second Division.

October 27, 1964.

Sherman & Lewis, of Chicago (Irving S. Abrams and Maurice L. Lewis, of counsel), for appellant.

No brief filed for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

In the original action plaintiff Marlene Blonsley sued defendant Gilbert Blonsley for divorce, and subsequently, on December 12, 1962, a decree was entered granting her a divorce and awarding her the care, custody, control, and education of their minor child Jay Scott Blonsley. The decree also provided that defendant should have the right of reasonable visitation. On August 21, 1963 defendant filed a petition requesting an order modifying the original decree so as to allow him to take the child out of plaintiff's home from 12:00 p. m. to 6:00 p. m. every Sunday in order to visit the child's paternal grand-

parents. Plaintiff filed her answer to the petition alleging that defendant is a person of violent temper, and that accordingly she feared to entrust the child to his custody; that the child was only a year old and should not be subjected during the day to interference with his regular care and sleep; that the decree provided that defendant may visit the child at all reasonable times; that she had not interfered with defendant's visitation rights; and that he may visit the child at all reasonable times.

On October 1, 1963 the court entered an order permitting defendant to remove the child from plaintiff's home from 11:30 a. m. until 5:30 p. m. every Sunday, with the reservation that defendant's mother be present when the child was taken from plaintiff's home, and the further reservation that the child remain in the presence of defendant's mother during the period of visitation. Plaintiff appeals from this order. No appearance or brief was filed in this court by defendant.

Plaintiff cites Wohlford v. Burckhardt, 141 Ill App 321 (1908), Kulan v. Anderson, 300 Ill App 267, 20 NE2d 987 (1939), and Lucchesi v. Lucchesi, 330 Ill App 506, 71 NE2d 920 (1947), to support her contention that the court erred in permitting defendant to take the child out of plaintiff's home. A close reading of those cases presents a factual situation different from that in the case at bar. In the cases cited by plaintiff, custody was sought by a relative of one of the divorced spouses, and the court denied the request on the ground that the rights of the parent, if the parent is fit, are superior to those of any other person. In the case at bar defendant is a parent seeking to have his right of visitation defined and to exercise this right away from the presence of plaintiff.

We believe the case of Ruberts v. Ruberts, 4 Ill App2d 134, 123 NE2d 737 (1955), is directly in point

and controls the decision in the case at bar. There the court said (137):

"The order appealed from relates only to the subject of visitation, not custody, and it appears that that was the only modification effected by the trial court, as that court continued the full care, custody, and control of the children in the mother. It is noted that the order of the trial court gives the plaintiff the right of visitation of the children during the time when they would be in the home of the defendant. We do not believe that the order allowing the father to have the children in his home for a month in the summers and two days in each October and March creates a change in custody rather than a modification of the visitation privilege and we do not consider the two cases cited by appellant, namely, Lucchesi v. Lucchesi, 330 Ill App 506, and Kulan v. Anderson, 300 Ill App 267, applicable, for in each case, the litigants there were one of the divorced parents and a relative of the other divorced parent who was deceased since the divorce. The relative of a deceased divorced parent who requests some change as to a child necessarily does not stand in the same position as does the living divorced parent himself as in the case at bar.

"We do not believe that under the particular facts in the case before us the order of the trial court materially abridged the plaintiff's rights to the custody of the children. Certainly the chancellor should be allowed broad discretion when the question of altering visitation privileges is involved: Wade v. Wade, 345 Ill App 170. In Bates v. Bates, 166 Ill 448, it was held that although the father was found guilty of drunkenness and the mother given custody of a

child, yet it was the right of the father to see his child and to secure and retain its affection, if possible."

Likewise under the facts before us, we believe the order of the trial court allowing defendant to take the child out of plaintiff's home every Sunday between 11:30 a. m. and 5:30 p. m. would not materially abridge plaintiff's rights to the custody of the child; neither would it interfere with the general welfare of the child, nor with the regular care and sleep needed by the child.

The order of the Superior Court is affirmed.

Order affirmed.

BURKE, P. J. and BRYANT, J., concur.