Amanda Holm, Appellant, v. A. P. Holm, Appellee.

Divorce: ALIMONY: MODIFICATION OF DECREE. Where the children, the custody of whom was awarded to plaintiff in a divorce proceeding, have since grown to maturity, and the inability of the defendant to longer make payments of alimony adjudged in the decree of divorce and at the same time support himself has been demonstrated, as in this case, the court may modify the decree for alimony and award a lump sum in lieu of monthly payments as originally provided.

*Appeal from Webster District Court.*—Hon. C. G. Lee,. Judge.

Monday, April 10, 1911.

The opinion states the nature of the action and the material facts. *Affirmed.*

*Healy & Healy,* for appellant.

*B. J. Price,* for appellee.

Weaver, J.—The parties, formerly husband and wife, were divorced at the suit of the latter in March, 1905. They had three minor children—two daughters, whose custody was awarded to the mother, and one son, awarded to the father. At that date the principal item of property owned by the defendant was a farm valued at about $12,000, upon which there was an outstanding mortgage of $1,200. He was also owing other debts to.the amount of $1,200. The decree found plaintiff entitled to recover the sum of $1,400 contributed by her to the purchase of the farm, upon which this sum, with interest at

six percent, was made a lien. In addition thereto plaintiff was awarded alimony at $18 per month, which was to be reduced to $13 per month if the oldest daughter should elect to live with her father. Attorney's fees, temporary alimony, and other expenses were also taxed against the defendant. At the end of five years from the date of the divorce, payments had been made by the defendant to the aggregate amount of $1,056, leaving him in arrears to the plaintiff for allowances made to her and interest thereon to the amount of $2,259, for which execution was issued and the farm sold at sheriff's sale; plaintiff herself being the purchaser.

Thereafter, and during the year of redemption, defendant caused the divorce case to be redocketed, and filed an application therein for modification of the decree with respect to the allowance of alimony. As grounds therefor he alleges, and the evidence tends to show, that since the divorce the eldest daughter has arrived at her majority and is self-supporting; the income from the farm has been and yet is insufficient to support the defendant and pay the several sums and charges against him in favor of plaintiff; that he has in fact paid thereon all he was able to pay; and that his only resource for the procurement of means with which to discharge said obligations is by borrowing the same upon first mortgage on the farm; but the existence of the decree as originally rendered so incumbers the title that he has been unable to procure the necessary loan, and that without a modification of the decree by which said incumbrance may be removed he will of necessity lose his land and be reduced to poverty. He therefore asks that the court fix some reasonable and definite amount, upon payment of which, once for all, the claims of his former wife under said decree shall be held to be satisfied and discharged, thereby enabling him to procure a loan upon the land and the burden of paying periodical installments be removed. On trial, the court

found for the defendant that the original decree ought to be modified, and to that end entered a supplemental decree, the material part of which we quote from the record as follows:

> It is therefore considered, ordered, and adjudged by the court that the amount of unpaid alimony for which execution was issued, and under which the land of defendant was sold under execution in June, 1910, shall not be disturbed, and that defendant shall pay the same in full to plaintiff, and all the costs of said execution. It is further ordered and adjudged by the court that all payments provided by the said decree from and after this date shall be canceled and withdrawn from said decree, and that in lieu of said payments the said defendant, A. P. Holm, shall pay to the said Amanda Holm the sum of $2,121.60. It is further ordered and adjudged that upon the payment to the said Amanda Holm, by the defendant, of the amounts herein set forth, the said land of the defendant described in the original petition and decree shall be free and clear of all liens and incumbrances imposed thereon by the original decree and by this decree in the said divorce proceedings, being case No. 8,626, as shown by the records in the office of the clerk of the district court of Webster county, Iowa. It is further ordered and adjudged that the defendant, A. P. Holm, shall pay all the costs of this proceeding, together with attorney's fee for plaintiff, hereby taxed at the sum of $25. To all of which plaintiff excepts.

From this decree plaintiff appeals.

Appellant invokes the rule that in the absence of any showing of material change in the circumstances of the parties, the court is not authorized to modify or interfere with the decree as originally entered. Of the soundness of this proposition there can be no question, but we are of the opinion that the record does disclose a change of circumstances such as justifies the court in listening to the defendant's prayer for relief. The oldest daughter has become of age and able to care for herself. The age of

the younger daughter is not mentioned, but she has evidently passed the period of helpless infancy. Five years' experience has demonstrated the insufficiency of the defendant's farm to bear the double burden of these payments and his own support, and we see no insurmountable objection to the court's taking cognizance of the situation and making an equitable adjustment of property rights. It is certainly to be desired that this man and woman, whose matrimonial relations have been dissolved, whose hearts have become estranged, and whose lives and interests have been separated, should not continue under a bondage of financial obligation which grows yearly more irritating to both. The plan adopted by the trial court, by which the plaintiff's claim shall be assessed at a single lump sum, equitably adjusted to the amount of the estate and defendant's ability to pay, is certainly not an unreasonable solution of the trouble. Indeed, the only question which seems to us open to difference of opinion is as to the amount which plaintiff ought to receive. As we have already noted, the trial court by its supplemental decree permits the accumulations upon the original decree up to the date of the execution on which the land was sold to stand undisturbed, and to this is added the further sum of $2,121.60. While we are not informed of the method adopted in making this computation, we think, after due deliberation, that from any reasonable standpoint, considering the payments already made, the amount secured by the sale of the land, and with due regard to defendant's ability to pay, the additional amount granted is quite as liberal as the plaintiff can equitably demand.

The decree of the district court is *affirmed.*