MAE V. KIGER, Appellant, v. JAMES R. KIGER, Appellee.

MAY 8, 1928.

*Robertson & Robertson,* for appellant.

*R. J. Organ,* for appellee.

FAVILLE, J.—It appears from the record that the parties to this action were married in January, 1924, and lived together until the latter part of April, 1924, and that a decree of divorce was granted to the appellant herein in June, 1924. At the time of the granting of said divorce, a written stipulation was entered

into between the parties in regard to alimony, which stipulation was found by the court to be a fair and equitable settlement of the property rights, and was ratified and confirmed by the court in the decree of divorce. This decree bound the appellee to pay to the appellant the sum of $300 in full settlement of all claims "for alimony, suit money, and doctor's bills, and to pay the costs of the action." The order appears to have been carried out. The record shows that, prior to the divorce, the appellant was earning about $15 a week as a telephone operator, and that appellee was earning approximately $165 a month in the employ of a railroad company. The evidence shows that, at the time of the divorce, the appellant was *enceinte*, and a child was born to her on November 19, 1924. It appears that, since the birth of the child, the appellant has had its care and custody, and that she has been unable to work and earn as large an amount as she did before the child was born. The appellee has been to see said child a number of times, and since its birth has given to the appellant $5.00, to buy things for the baby. There is some evidence tending to show that the appellee is now earning more money than at the time of the divorce, being somewhere between $190 and $200 per month.

Appellant's condition was known to both parties at the time of the divorce and the decree regarding the payment of alimony. In ruling upon the application in the instant matter, the court found that, at the time of the granting of the divorce and the award of alimony, "the matter of the birth of the child in question was taken into consideration, and the amount fixed with such event in view." This finding is sustained by the record. The lower court also found that "there is no such changed condition in the situation as to warrant modification of the decree."

Section 10481, Code of 1924, is as follows:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient."

We have frequently had occasion to consider the question of the modification of a decree of divorce in regard to an award of alimony. In *Keyser v. Keyser*, 193 Iowa 16, we said:

·"While the statute contemplates that changes may be made in an award of alimony after a final decree has been entered, it is only when there has been a substantial change in the conditions of the parties that a modification should be made. An award of alimony entered in a final decree is not to be regarded as a variable sum, to be adjusted either upward or downward with each fluctuating change in the conditions of the respective parties. Such a decree is entered at the time, with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. At the time such an award is made in a final decree, the court should take into consideration all of the facts and circumstances surrounding the parties at the time, and also the reasonable prospects regarding their future condition, and make such an award as will fairly and reasonably be right and proper, under all of the circumstances. When this is done, such decree is conclusive, and should not be disturbed, unless it is made to appear that the enforcement of the decree will be attended by positive wrong or injustice, under changed conditions."

Previous rulings of the court in cases cited in said opinion sustain the foregoing statement. In the instant case, we are disposed to acquiesce in the conclusion of the trial court that there was no such showing of changed conditions as would require a modification of the decree in order to prevent a positive wrong or injustice.

We are not confronted on this appeal with the question of the appellee's liability for the care and support of his minor child. There has been no decree in regard to the custody of the child. The evidence in regard to an increase in the wages received by the appellee since the decree was entered is meager, and is not such a showing as required a modification of the decree respecting alimony.

It appears that an amendment was filed to the application to modify the decree, in which the appellant prayed that said decree may be modified and changed so as to grant her the permanent care, control, and support of said child. It does not appear when said amendment was filed, and the resistance of the appellee makes no reference thereto, nor does the finding and order of the trial court, and the evidence appears to be equally silent on the question of any modification of the decree by pro-

viding for the custody of the child. In order that no question may arise in the future in regard to said matter, we hold that the issue of the custody of the child was not involved nor adjudicated upon this hearing. We find no sufficient basis to justify us in interfering with the order of the trial court as to alimony, and it must be, and it is,—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.