GENEVIEVE MORRISON, Appellee, v. PAUL MORRISON, Appellant.

No. 39711.

NOVEMBER 12, 1929.

*Cross & Hamill,* for appellant.

*H. S. Thomas,* for appellee.

WAGNER, J.—The parties to this action were formerly husband and wife, and resided at Colfax. On February 7, 1922, the plaintiff was granted a decree of divorce from the defendant, upon the ground of cruel and inhuman treatment. The defendant is a physician, and since July 22, 1922, he has been in the employ of the United States government, with the veterans' bureau, at Memphis, Tennessee. At the time of the granting of the divorce, while stationed at Colfax, he received a salary of approximately $325 per month. Prior to the time of the granting of the decree, a contract was entered into between the parties, by the terms of which defendant agreed to pay the plaintiff the sum of $200 per month, as alimony. The defendant defaulted in the action, and in the decree of divorce, the plaintiff was given a certain residence property in Tiltonville, Ohio, upon the pur-

chase price of which the defendant had paid $450, and judgment against the defendant in the sum of $200 per month, payable on the 10th day of each month thereafter. In 1925, the plaintiff sold the Ohio property, and after paying off the incumbrance thereon, she had at that time, as the avails thereof, the sum of $6,100. Prior to the time of the divorce, the plaintiff had inherited money from her father, a portion of which had been invested by her in stocks, which she sold in the year 1924, and after paying a note of $3,000 for money previously borrowed, she had left, as the proceeds from the sale, the sum of $1,400. She also inherited from her father jewelry of the approximate value of $2,000. She had an automobile at the time of the granting of the decree of divorce, which she sold for $700. The defendant had no property at the time of the divorce action. In April, 1922, he remarried, and since July of that year, has resided continuously at Memphis, Tennessee. There were no children by the first marriage; but as the fruits of the second marriage, there are three children, ranging from 5 years to 20 months of age. Since July, 1922, the salary of the defendant has been $5,007 per year, from which there is deducted by the government $3\frac{1}{2}$ per cent for a retirement fund. Prior to the present proceeding, the defendant had paid to the plaintiff, as alimony, the sum of $6,050, and was in default on the monthly payments in the amount of $8,950.

On August 1, 1927, the defendant filed in the Jasper County district court his petition, asking that the decree of divorce be so modified as to cancel the provision awarding the plaintiff $200 per month as alimony, and that the judgment for the alimony in the payment of which this defendant is in arrears be canceled and held for naught. The plaintiff appeared to said petition, and upon trial, the court confirmed the amount of $8,950 which was then due and unpaid, but reduced the payments to be made in the future to $100 per month, beginning April 10, 1928. From this action by the trial court the defendant has appealed.

The defendant makes no complaint as to the confirmation by the court of the sum of $8,950 due on the monthly installments at the time of the trial of this proceeding, which remains unpaid, as he concedes that part of the decree to be in accordance with the established law of this state, as announced in *Delbridge v. Sears*, 179 Iowa 526; *Kell v. Kell*, 179 Iowa 647; and *Guisin-*

*ger v. Guisinger*, 201 Iowa 409. The appellant's sole complaint is that the court failed to cancel entirely or to make a greater reduction in the monthly payments to be made in the future.

It is to be noted that the plaintiff herein does not appeal, and therefore the sole question for our determination is: Should the court have canceled entirely, or made a greater reduction in, the monthly payments to be made in the future?

Our statutory law, Section 10481 of the Code of 1927 provides:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. *Subsequent changes may be made by it in these respects when circumstances render them expedient.*" (The italics are ours.)

Whatever relief the appellant is entitled to in this proceeding is by reason of the italicized portion of the foregoing statute. This statute has been under consideration in many previous cases which have come before us, and it is the well established law of this state that the party asking for the modification of a decree of divorce is not entitled to relief without proof of change in conditions or circumstances which would warrant the court, in the exercise of equitable principles, in granting a change in the respect requested. The original decree is conclusive upon the parties as to the then circumstances, and the power to make changes in the decree is not a power to grant a new trial or retry the same case, but only to adapt the decree to the new or changed conditions and circumstances of the parties. See *McNary v. McNary*, 206 Iowa 942; *Slattery v. Slattery*, 139 Iowa 419; *Ferguson v. Ferguson*, 111 Iowa 158; *Crockett v. Crockett*, 132 Iowa 388; *Blythe v. Blythe*, 25 Iowa 266; *Scott v. Scott*, 174 Iowa 740; *Delbridge v. Sears*, 179 Iowa 526; *Guisinger v. Guisinger*, 201 Iowa 409. And the burden is upon the plaintiff to both allege and prove the changed conditions. *Delbridge v. Sears*, supra; *Guisinger v. Guisinger*, supra.

It is apparent from the foregoing that we cannot place ourselves in the position of the trial court at the time of the granting of the original decree of divorce. If the allowance at that time, under the conditions and circumstances of the parties as they then existed, was too great, we cannot for that reason alone

grant the appellant relief in this action. As is well said in *Crockett v. Crockett,* supra:

"Otherwise than by appeal, or by force of some direct statute on the subject, a final decree is not subject to change or modification for errors judicial. And this is too well understood to require a citation of authorities."

What changed conditions or circumstances has the appellant alleged and proven? If he has alleged and proven changed conditions or circumstances, did the court, in the exercise of equitable principles, grant a sufficient reduction in the monthly payments to be made in the future?

It is shown by the record that the appellee is 54 years of age; that she has never remarried; that her health was not good at the time of the granting of the original decree of divorce; that she has had much sickness; and that her general condition of health at this time is very little, if any, better than at the time when the divorce was granted. She has on deposit in a savings account in a bank the sum of $2,000. She was a musician before her marriage, and has spent about $1,200 since the divorce in an effort to reacquire her culture in music, to enable her thereby to maintain a livelihood, but without avail. Since November, 1926, she has been at Bethesda, Maryland, a suburb of Washington, D. C., where, by the aid of relatives, she has procured employment as a practical nurse, in caring for a diabetic child, for which service she now receives the sum of $35 per week and her room and board. She has no property at this time, except her jewelry and the $2,000 in the bank. Her finances have decreased, rather than increased. It is apparent that the property which she had at the time of the granting of the decree of divorce, including the jewelry, as well as the financial circumstances at that time of both parties to the litigation, must have been, and were, in the contemplation of, and taken into consideration by, the court in the granting of the decree.

The appellant is 59 years of age, and has no property except his household goods and an automobile,—for which he paid about $1,000 in the latter part of 1925. The rent on the house in which he lives is $60 per month. He carries insurance for the benefit of his second wife and children, in the sum of $13,500, at a cost of approximately $40 per month. He had no property

at the time of the divorce, and virtually none at the present time. He testified that, since 1922, he has been afflicted with myocarditis, a heart affection, but he has lost but little time from his daily service at the hospital. He makes no allegation in his petition as to poor health, or change in condition in that respect, since the time of the granting of the decree. He testifies that the retirement age from the government service is 64, and that, upon his retirement, his salary from the government will be $700 a year. It will be observed that that period is five years in the future, and no claim is made on account thereof, in his petition. We said in *McNary v. McNary,* supra:

"The fact that the parties would grow older must necessarily have been taken into consideration by the court at the time of the rendition of the decree which is now sought to be modified."

Appellant's second wife has no property. She and the three children are dependent upon him for support. This is the only change in his circumstances alleged in his petition for modification which is proven. He had the legal right to remarry, and the law recognizes marriage as a civil contract, founded on public policy. The three children are not responsible for their existence, and are necessarily dependent upon their father for support. The appellant testifies that, outside of the $100 of his monthly salary paid for rent and insurance, and $5.00 a week for maid in the home, "the incidentals of ordinary living use up the rest." It perhaps is true that neither of the parties to this litigation is as economical as their financial circumstances require.

Our duty is to determine this case upon the changed circumstances and conditions alleged in the petition and shown by the evidence to exist at this time, and not to speculate as to the future. Should the future bring about changed conditions and circumstances, the same statute which the appellant now seeks to invoke in his behalf may then be used for relief.

The appellant refers to the judgment for unpaid alimony in the amount of $8,950 as an asset; but it is manifest that it is apparently worthless, as appellant is execution-proof.

The case, in its various phases, presents a troublesome question. The trial court reduced the monthly payments to be made

by the appellant in the future :from $200 to $100. The plaintiff, former wife of appellant, has not appealed. The appellant complains because the monthly payments were not canceled, or a greater reduction made. The sole question before us at this time is, Is the appellant entitled to a greater reduction? The appellee's situation has not changed for the better. Considering, as we must, only the changed circumstances which are alleged and proven, we are constrained to agree with the trial court.—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and GRIMM, JJ., concur.