ANNA L. STONE, Appellant, v. HARRY E. STONE, Appellee.

No. 40704.

MARCH 17, 1931.

REHEARING DENIED OCTOBER 5, 1931.

Utterback & Forrest, for appellant.

Parsons & Mills, for appellee.

DE GRAFF, J.—The parties to this action, Anna L. Stone plaintiff-appellant and Harry E. Stone, defendant-appellee, were formerly husband and wife. They were married on April 27,

1899. In 1914 a decree of separate maintenance to the wife was entered by the District Court of Iowa in and for Polk County. The husband and wife lived apart until June 1925 when by agreement between them the said parties began their marital life anew and re-established a home for themselves and their four children. A decree of divorce on petition of the wife was entered November 12, 1929. Under that decree the absolute custody of the two minor daughters (twins) was given to the plaintiff mother and the possession, use and occupancy of the homestead, locally known as 675 W. 46th Street, Des Moines, was awarded to the plaintiff until September 1, 1930, during which time the defendant was obligated to pay the taxes and all installments due or to become due on the purchase price of said premises, but the fee simple title was given and granted to the defendant, subject to the right of possession and occupancy by the wife as above stated. The plaintiff was also awarded all household goods and all other personal property then in her possession except clothing and other personal effects belonging to the defendant. The plaintiff was also awarded the sum of $100 per month as permanent alimony for the support, maintenance and education of her two minor daughters until they reached the age of twenty-one years, to wit, August 17, 1933. By supplemental decree entered December 21, 1929, the defendant was taxed the costs of the divorce action in the amount of $44.90 and an attorney's fee for plaintiff's attorneys in the sum of $225.

On the 24th day of March 1930 a supplemental petition or application was filed by the defendant to modify the original decree of divorce as to alimony, alleging that his income had been materially reduced and praying that a proportionate decrease be made in the amount defendant is required to pay for the support of the two minor girls. The plaintiff filed a resistance to the application.

It may be first observed that there was no appeal taken from the original divorce decree entered November 12, 1929. On the 23d day of April 1930 the trial court ordered, adjudged and decreed that the original decree be modified in that the alimony required to be paid by the defendant for the support of the two daughters, Florence G. and Frances E. Stone (twins), be reduced to $65 per month instead of $100 per month as

formerly provided. On the 9th day of July 1930 an appeal to this court was perfected.

Section 10481, Code, 1927, authorizes the trial court, upon proper application after a divorce decree has been granted, to modify the same upon proof of substantial changes in the circumstances of the parties which render such modification expedient. The original decree is conclusive upon the parties as to the then existing circumstances of the parties, and the power to grant a modification in the decree is not a power to grant a new trial or to retry the same issue, but only to adapt the decree to the changed conditions of the parties. Newburn v. Newburn, 210 Iowa 639, with cases cited. The question in the instant case is, did the defendant make such a showing as to changed circumstances that he is entitled to modification of the original decree?

The record herein discloses that the appellee, Harry E. Stone, remarried a few days after the divorce decree was granted. He was not married in Des Moines but travelled to Kansas City, Missouri, to have the marriage ceremony performed. He testified that he was remarried the Saturday following the entry of the decree of divorce and came back with his newly acquired wife to Des Moines and lived where he had been rooming at 413 Sixth Street, Valley Junction, Iowa, and shortly thereafter rented a house in University Place paying therefor $40 a month rent. Stone was not granted the privilege in the decree of divorce to remarry within one year from the date of the entry of his decree of divorce. See Sections 10484-85, Code, 1927. A circumvention of the laws of Iowa deliberately done is not a ground for modifying a decree. This court has held that the remarriage of the husband together with the obligations thereby assumed will not alone present such change in the circumstances of the parties as to justify a modification of the original decree. Newburn v. Newburn, 210 Iowa 639. A remarriage of a husband, even when done lawfully, is not ground for reducing alimony decreed to his divorced wife, even though such marriage is a drain on his financial resources. Smith v. Smith, 102 N. W. 631 (Mich.) ; Staton v. Staton, 176 S. W. 21 (Ky.). This court, where the erstwhile husband relies on alteration of circumstances as a ground for reduction of alimony, will consider whether the change has been brought about by any improper or unlawful

conduct on his part. An allowance by way of permanent alimony ought not to be changed unless the party applying therefor shows substantial reasons which in justice and equity demand change. Fisher v. Fisher, 32 Iowa 20. The defendant here, who is praying for the reduction, voluntarily assumed his new relations and thereby put upon himself new pecuniary obligations. We cannot subscribe to the doctrine that the remarriage on the part of the husband, under the instant circumstances, creates such a change of condition as will warrant this court to modify the original decree as to permanent alimony granted to the wife in the original divorce action.

We now ask, what other changed circumstance or condition is relied upon by the husband in seeking to modify the permanent alimony originally awarded to the wife? He contends that at the time of the entry of the divorce decree he was earning a salary of $320 per month plus an expense account of $50 per month; that due to the expense of trying the divorce action he was unable to make the payments in full provided in the original decree and that the plaintiff had garnishments made on the railroad company for whom he worked and that this endangered his job and that in fact he was reduced from travelling engineer to a local freight run with a guarantee of $218 per month with the only additions thereto arising from extra time. The plaintiff in resistance to the application of the defendant herein admits that she garnished the wages of defendant in the hands of the Chicago, Rock Island & Pacific Railway Company, but that she did so only after the defendant had failed, refused, and neglected to make four payments of alimony as provided for in the original decree of divorce. Plaintiff also in her resistance showed that during the year 1929 the earnings of the engineers in local freight train service between Des Moines and Iowa Falls averaged $362.42 and that if such an engineer worked six days per week during the year 1929 his earnings would amount to $4,349. Plaintiff in her resistance further showed that during the months of January, February, March and April 1930 the defendant earned as an engineer on said local freight run and had been paid therefor by his employer, the following sums: January, 6 days, $80.47; February, 24 days, $241.67; March, 24 days, $267.46; April, 13 days, $133.06. The evidence shows that the facts recited in plaintiff's filed resistance are true under the

1348

evidence introduced. Engineer Stone apparently did not work on his freight run the number of days that he might have worked, to wit, six days per week, and had he so worked, his average monthly earnings would have been $362.42. Furthermore, the record discloses that the Rock Island Company did pay the monthly wage to defendant for the months and for the days worked in said months, as recited in the plaintiff's resistance. With these facts and figures in the record, we discover no justifiable or legal reason for the reduction of the alimony from $100 to $65 a month. The twin daughters, Florence and Frances, were seventeen years old on the 17th day of August 1929. The original decree obligated the defendant to pay $100 per month permanent alimony for the support, maintenance, and education of these twin daughters until they attained the age of 21 years. It is quite apparent that the cost of their support, maintenance and education will not decrease as these two young ladies grow older.

One other matter is urged by the plaintiff-appellant in that the trial court did not allow any fees for the attorneys of Mrs. Stone in resisting the defendant's application for the modification of the original decree. This claim is not tenable. Barish v. Barish, 190 Iowa 493, is *stare decisis* on this proposition.

In the light of the record we conclude that the husband, Harry E. Stone, has not shown material and sufficient subsequent facts and circumstances to have the original decree and judgment modified or changed as to the permanent alimony granted.—Reversed.

FAVILLE, C. J., and STEVENS, ALBERT and WAGNER, JJ., concur.