MINNIE TONEY, Appellant, v. WILLIAM TONEY, Appellee.

No. 40636.

NOVEMBER 17, 1931.

Wolfe, Wolfe & Claussen, for appellant.

John E. Purcell, for appellee.

DE GRAFF, J.—The parties to this action, Minnie Toney, plaintiff-appellant, and Wm. Toney, defendant-appellee, were formerly husband and wife. On October 20, 1916, a decree was entered by the District Court of Iowa in and for Clinton County granting a divorce to the plaintiff on the statutory ground of

desertion. There were awarded to her the household goods, furniture and fixtures, the homestead situated in Clinton, Iowa, and alimony payable monthly to the plaintiff in the sum of $45, as long as she remained unmarried. The defendant at that time made no contest, but a stipulation was entered into by and between the parties as to the terms of the alimony, which stipulation was approved by the court and constituted a part of the decree entered. The primary reason for said defendant's entering such stipulation was to take care of an invalid daughter, who recovered from her illness and married, and since her marriage has become wholly independent of said plaintiff Minnie Toney. The record discloses that the defendant Wm. Toney has never defaulted in making monthly payment of the alimony provided in said decree.

On the 7th day of July, 1927, upon the application of the defendant an order was entered for a modification of the decree as to the monthly payment of alimony. This order and decree adjudged that the defendant be relieved from the payment to the plaintiff of all sums as alimony unpaid prior to June 1, 1927; that the defendant be required to pay the plaintiff the sum of $35 per month beginning on June 1, 1927, and the payments as of June 1st and July 1st, 1927, in the sum of $70 be made on or before July 15, 1927, and that all subsequent payments be made on the first of each and every month commencing August 1, 1927; that "unless said sums be paid in accordance with this decree, upon application of plaintiff, execution issue to make such payments and costs." There was no appeal taken by plaintiff from the decree modifying the original decree.

On December 16, 1929, the defendant filed his second application for modification of decree, alleging a change of circumstances on his part in that in April, 1929, he was remarried; that at the time of granting of the first modification of decree (July 7, 1927), he was employed by the Chicago & Northwestern Railway Company as locomotive engineer and was receiving in such employment the sum of $260 per month; that since that time there has been a complete change of circumstances of said defendant as far as his earning ability is concerned; that on August 1, 1929, he reached the age of 70 years and was compelled to take his pension from the employing railway company in accordance with its rules; that he now receives the sum of

$95 per month; and that he has no other earning capacity or means with which to provide for himself and his present wife; that both he and his wife are invalids.

A resistance was filed by the plaintiff-appellant to the application for modification, alleging there was no change as to the defendant's circumstances. On December 30, 1929, the defendant's application came on for hearing, and on March 11, 1930, a decree was entered in which the trial court further modified the decree of court entered on October 20, 1916, and reduced the amount of alimony to be paid by the defendant to the sum of $28 a month to be paid on the first day of each month. An exception was duly taken by the plaintiff (divorced wife), and this appeal was taken.

Section 10481, Code, 1927, authorizes the trial court upon proper application after a divorce decree has been granted to modify the same upon proof of substantial changes in the circumstances of the parties which render such modification expedient. It is true that the original decree is conclusive upon the parties as to the then existing circumstances of the parties, and the power to grant a modification is not a power to grant a new trial or to retry the same issue. A changed condition of the party must be shown, to warrant a modification. The question in the instant case therefore is: Did the defendant make such a showing as to changed circumstances as would entitle him to a modification under the allegations of his application?

The fact that the defendant remarried does not justify a modification of a decree as to the terms of alimony granted in the decree. Stone v. Stone, 212 Iowa 1344, with cases cited. It is the declared law of this state that an allowance by way of permanent alimony ought not to be changed unless the party applying therefor shows substantial reasons which in justice and equity demand change. Fisher v. Fisher, 32 Iowa 20. It is also the rule of Iowa that facts and circumstances must be shown by the party seeking a modification of a decree awarding alimony that will warrant the court under equitable principles to justify a finding that there has been a change in circumstances such as to make a modification equitable under all the facts and circumstances of the case. Morrison v. Morrison, 208 Iowa 1384. See, also, McNary v. McNary, 206 Iowa 942. It is doubtless true that under the instant circumstances both the plaintiff and

the defendant will be compelled to adhere to rigid economy and to practice some self-denial. See Keyser v. Keyser, 193 Iowa 16.

We have already pointed out that the District Court previously reduced the alimony award from $45 to $35 per month. The former husband has remarried. He voluntarily assumed new pecuniary obligations thereby. He is now on a pension from the Northwestern Railroad and receiving the sum of $95 per month, whereas prior to the granting of the pension he was receiving $260 per month. This is a sufficient showing that there has been a substantial change within the purview of Section 10481.

The order and decree of the trial court, therefore, is affirmed.

FAVILLE, C. J., STEVENS, ALBERT, and WAGNER, JJ., concur.