DOROTHY BOQUETTE, Appellee, v. HOWARD LEN BOQUETTE, Appellant.

No. 41567.

MARCH 14, 1933.

Higbee & McEniry, for appellant.

Genung & Genung, for appellee.

UTTERBACK, J.—On March 10, 1930, decree was entered granting the plaintiff-appellee, divorce from the defendant-appellant. The appellee was the wife, and the appellant, the husband. The decree granted to the wife a complete divorce, and gave her the care, custody, and control of their minor daughter, who was at the time fifteen years of age, and also granted the wife alimony in the sum of $57.50 per month.

The husband was an engineer on the Chicago, Burlington & Quincy Railroad at the time the divorce was granted. His regular full-time wage was approximately $210 per month, which together with extra time averaged approximately $250 per month.

The appellant remarried shortly after the entering of the decree. On account of decrease in railroad business, the defendant was reduced from engineer to extra engineer.

During February, 1931, by mutual agreement between the appellee and appellant, the alimony payments were reduced from $57.50 per month to $45 per month. Some time after that, the appellant was reduced to the rank of fireman. His monthly wage was then reduced to approximately $150 per month.

On May 23, 1931, the daughter of the parties married Vern Morris, and has since then lived apart from appellee, residing in Omaha, Nebraska.

The appellant with his second wife removed from Creston to Pacific Junction, where they resided on the 15th day of June, 1931, on which date the defendant filed petition for modification of the decree of divorce, alleging a change of circumstances, and praying that he be relieved from making further payments of alimony to the appellee.

The appellant claims that the marriage of the minor daughter of appellee and appellant, his demotion to fireman, and the reduction of his earning power to $150 per month, and his remarriage, constitute such a change in circumstances that the court should entirely release him from further payment of alimony.

On the 17th day of March, 1932, after hearing evidence offered, at which hearing both appellee and appellant were represented by counsel, the district court found that the circumstance of the marriage of the minor daughter of the parties and the demotion of the appellant from engineer to fireman, with the resulting reduction in wage, constituted a change of circumstances sufficient in law to warrant a reduction of the amount of alimony payments required to be paid by the appellant from $45 per month to $35 per month, and entered decree reducing the alimony payments from $45 to $35 per month, and directed that the same should be paid in semimonthly payments of $17.50 each; same to be paid by the appellant to the clerk of the district court, and by him paid to the appellee.

The appellant appealed, and alleges as grounds therefor, that the court erred in refusing to eliminate entirely the provision for payment of alimony to the appellee, in substance claiming that, under the facts and circumstances above set out, the court had no discretion, and that no allowance of alimony in any sum should be made.

The remarriage of the appellant after the divorce was granted, and at a time when the decree of court required the paying of alimony by the appellant to his former wife, does not constitute a change of circumstance sufficient to require or justify a modification of the decree of divorce as to the amount of alimony payments provided for in the decree. The appellant knew at the time of his remarriage that he owed the alimony then provided for in the decree, and he should have taken that into consideration at the time of his remarriage.

We are of the opinion that the circumstance of the demotion of the appellant from engineer to fireman, together with the consequent reduction in wages from approximately $250 per month to $150 per month, together with the marriage of the minor daughter of the parties and the relieving of the appellee of the expense of supporting the daughter, constituted a change of circumstances sufficient in the discretion of the court to justify a modification of the decree as to the amount of alimony payments required, either by reducing the amount of said payments, or, under equitable circumstances, to entirely eliminate provision for the payment of any alimony. See Nicolls v. Nicolls, 211 Iowa 1193.

In the case at bar, the trial court, in the exercise of that discretion, reduced said alimony payments from $45 to $35 per month.

The claim of the defendant-appellant, that under the record in this case there was no basis on which an allowance of any alimony could be made, is unsound. The trial court heard the evidence, saw the parties, and had the help of argument of counsel for both appellee and appellant. We find nothing in the record showing that the court exceeded its power or abused its discretion.

The decree of the trial court is affirmed.—Affirmed.

KINDIG, C. J., and EVANS, ALBERT, STEVENS, ANDERSON, DONE-GAN, and KINTZINGER, JJ., concur.