MARY L. CORL, Appellant, v. THOMAS H. CORL, Appellee.

No. 41734.

MARCH 13, 1934.

 

David S. David, for appellant.

Baker, Doran & Boone, for appellee.

MITCHELL, J.—On the 15th day of February, 1924, a decree was entered in the district court of Boone county, Iowa, in a cause of action entitled "Mary L. Corl, Plaintiff, vs. Thomas H. Corl, Defendant." After setting out the fact that the court had inspected the notices and had jurisdiction of both parties, the court entered in favor of the plaintiff an absolute divorce from the defendant, and the plaintiff was given the full care, custody, and control of the two minor children. The court also gave to the plaintiff furniture and other property that was owned by the defendant, and then entered a judgment that the "said defendant shall pay to the plaintiff as alimony, in addition to the furniture and furnishings above referred to, the sum of Thirty-Five Dollars per month in two installments. The first installment shall be paid March 1, 1924,

and the second installment on March 15, 1924, and so continuing each and every month until the further order of this court."

On the 19th day of February, 1931, the defendant, Thomas H. Corl, filed in the district court of Boone county, Iowa, an application and motion, setting up the fact that on the 15th day of February, 1924, the decree had been entered against him, and that under said decree he was compelled to pay the sum of $35 per month alimony. He then set out the fact that since the rendition of said decree the circumstances of both parties had been materially altered; that the plaintiff had remarried and the defendant had remarried; that the children were then seven years older than they were at the time the decree was entered; that at the time the decree was entered the defendant was a locomotive fireman for the Chicago & Northwestern Railroad Company, and at that time he was earning between the amount of $150 and $175 each month; that, through no fault of his own, but due to the economic conditions prevailing, he lost his position with the railroad company, and for the past two years had been working as a barber; that, after paying the expenses of his shop, there was left to him the total sum of $33.50, which is less than the amount required of him to pay to the plaintiff under the decree of court. To this application and motion the plaintiff filed a resistance, and the case proceeded to trial. Evidence was offered, and, on the 4th day of January, 1932, the district court of Boone county, Iowa, entered a decree and judgment, in which the court found that:

"2nd. Under the circumstances it is impossible for said defendant to make payments of $35.00 per month as alimony; 3d. That in view of the changed circumstances of the parties, as above set out, the amount of alimony awarded in said original decree should be reduced. It is therefore ordered: 1st. That the findings of the court as above set out are made a part of this decree; 2nd. That the original decree of divorce entered on the 15th day of February, 1924, in favor of the plaintiff, be and the same is hereby modified and the amount of alimony awarded to the plaintiff is reduced to the sum of $15.00 per month, payable monthly, from and after January 1, 1932."

From this judgment and decree the plaintiff, being dissatisfied, has appealed to this court.

This record shows without any doubt that there has been a ma-

terial change in the conditions of both parties since the original decree was entered. Both the plaintiff and the defendant have remarried. Plaintiff's present husband, according to the record, is employed and is capable of taking care of the plaintiff. There is, of course, a moral and a legal obligation on the part of the defendant to support his children, regardless of the marriage relation. The defendant was liable, after the divorce was granted, for the support and maintenance of his children, but this record shows that the defendant is not able to make the payments the original decree required. At the time the original decree was entered, he was a locomotive fireman, earning between $150 and $175 per month. Through no fault of his own, he lost that position and is now a barber, earning between $30 and $40 per month. No good could come of a review of the record as set out in this case. The learned and able trial court had the witnesses before him, and we are convinced that he was right in the modification of the decree and the reduction of the alimony.

Judgment of the lower court must be, and it is hereby, affirmed.

CLAUSSEN, C. J., and KINDIG, KINTZINGER, ANDERSON, STEVENS, and DONEGAN, JJ., concur.