OLLIE SIDERS, Appellant, v. GEORGE SIDERS, Appellee.

No. 44847.

DECEMBER 12, 1939.

Paul E. Robertson, for appellant.

Kimball, Peterson, Smith & Peterson, for appellee.

SAGER, J.—On November 10, 1933, there was entered in the district court of Pottawattamie county a decree of divorce in favor of appellant. The property rights of the parties were fixed by stipulation which was approved by the court and embodied in the decree. By its terms, plaintiff was given the home upon which there was a substantial debt, and the custody of two minor children, Virginia, age 17, and George, age 19. Defendant was required to pay $80 per month until July 1, 1934, and thereafter $65 per month until the daughter left school .or married; then the payment was to be $50 while the appellant remained unmarried or "until such time as the court may order otherwise." The decree contained this provision:

" * * * it being understood that in the event of a reduction in the wages earned by the defendant, George Siders, in the future, that then said alimony payments shall be reduced proportionately, it being understood that the above payments are based upon the present wage received by the defendant, which is approximately $182.92 per month. It is further understood that plaintiff shall be entitled to an increase in said alimony if defendant's wages are materially increased."

On July 28, 1938, defendant filed an application to reduce the alimony alleging that his wages had been materially decreased since the decree was entered; that the children were married and no longer dependent upon the plaintiff; that the plaintiff herself had secured employment; and that it was impossible to continue making the payments required by the decree. This application was met by a resistance which denied that defendant's wages had decreased. It alleged that plaintiff is working and earning a small amount of money but is forced to do so in order to support herself; and that the decree as to alimony was based upon the defendant earning the sum of $182.92 per month, and that defendant is earning more than that at present. Appellant denies that there was any change of circumstances which would justify a modification.

On August 10th, after hearing, the monthly alimony was cut to $35, hence this appeal. Since this opinion is of no importance to anyone except the immediate parties, we deem it unnecessary to set out the testimony at length. There was only a fact question involved and even in equity cases triable

de novo, much weight should be given to the findings of the trial court because of the better opportunities of that court to weigh the testimony. Moreover we have said that in matters like this the court "exercises a large discretion, which will not be interfered with unless abused." Newburn v. Newburn, 210 Iowa 639, 641, 231 N. W. 389, 391.

As is to be expected, appellee attempts to disparage his health, wages and earning capacity, while the appellant strives to enhance them, meanwhile seeking to make her own condition appear such as to demand the continued payment to her of $50 per month. Defendant kept up his payments until this application was filed. Appellee at the time of the hearing was 56 years of age, a locomotive fireman on the Rock Island railroad, and had married since the decree of divorce. He testifies that his earnings are not nearly as much now as they were at the time the decree was entered, that his earnings fluctuate but that he was earning not to exceed $108 per month. He was afflicted with prostate trouble, which, with other conditions of ill health, required an expenditure for doctors and medicine in the year last past of $175.27; that his general condition was not such as to permit working all the time; that he was not able to work as much of the time as he might have, were his health better. He is indebted in the sum of approximately $100 for moneys borrowed partly to keep up his alimony payments. He explained that the provision of the decree fixing the alimony on a wage basis of $182.92 was an error; that the figure was in fact $282.92, as appellant knew. She denies this but admits that she was aware he was earning at the time $200 or more. A statement prepared by the appellee's employer showed that he received $2,460.41 in 1937, but he testified that he earned much less in 1938—in a word his earnings and capacity to earn were greatly reduced.

The fact that he was remarried doubtless added considerably to his burden though this does "not alone present such change in the circumstances of the parties as to justify a modification of the original decree." Stone v. Stone, 212 Iowa 1344, 1346, 235 N. W. 492, 494.

It is needless to say that appellant contends the facts are not at all as the defendant claims them to be; but her testimony is far from persuasive. She based her statement as

to what the defendant was earning on the word of some engineer in the yards who, so far as the record shows, was not in a position to know anything about it. He was not in charge of the records of employment payments made, and was not called to testify. The only other witness in this respect was a son of the parties, 32 years old, a switchman for the Missouri Pacific, and living in Omaha, Nebraska. He had not worked for the Rock Island in 13 years but assumed to testify what the general rate of pay on the Rock Island was. There is nothing in his testimony or in the record elsewhere which affords any basis for his testifying as to how much the defendant was earning. There is no showing, if it be a fact, that the schedules of pay on the Rock Island were the same as on the Missouri Pacific. His testimony is lacking in probative force.

Appellant is nearly 51 years of age and has remained unmarried. She testifies that she is now living in a rented room, paying on the average of $22 per month; that she has other indebtedness but the amount is not stated; that the $50 a month that she had been receiving was not sufficient to pay her expenses and she was compelled to work, doing canvassing at which she earned on an average of $8 per week; that the general condition of her health has not been good at all the last two or three years; and that the doctor advised her about going out doing extra work to get her mind off her troubles. Neither of the parties called other witnesses to fortify their testimony except the son whose evidence is commented on above. No doctor was called by either to show his or her own condition or the condition of the other, and the court was compelled to decide the application on their testimony alone. We have not undertaken to set out all of the facts but we are satisfied, from a careful examination of the record, that the trial court was justified in reducing the alimony to $30.

Our attention is called to section 10481, 1935 Code, which provides in part:

"Subsequent changes [with reference to alimony and custody of children] may be made by it [the court] in these respects when circumstances render them expedient."

Likewise our attention is directed to familiar cases in which we have passed upon the conditions under which the

court is justified in modifying divorce decrees. Appellant relies on: Stone v. Stone, 212 Iowa 1344, 235 N. W. 492; McNary v. McNary, 206 Iowa 942, 221 N. W. 580; Kiger v. Kiger, 205 Iowa 1200, 219 N. W. 314; Newburn v. Newburn, 210 Iowa 639, 231 N. W. 389; Duvall v. Duvall, 215 Iowa 24, 244 N. W. 718, 83 A. L. R. 1242; Nicolls v. Nicolls, 211 Iowa 1193, 235 N. W. 288; Neve v. Neve, 210 Iowa 120, 230 N. W. 339; and others. Appellee cites: Holm v. Holm, 151 Iowa 159, 130 N. W. 912; Newburn v. Newburn, 210 Iowa 639, 231 N. W. 389; Toney v. Toney, 213 Iowa 398, 239 N. W. 21; Boquette v. Boquette, 215 Iowa 990, 247 N. W. 255; Corl v. Corl, 217 Iowa 812, 253 N. W. 125; and Paul v. Paul, 217 Iowa 977, 252 N. W. 114.

We find nothing in these citations which requires us to reverse the ruling of the trial court, and its decree is affirmed. —Affirmed.

HALE, MITCHELL, MILLER, BLISS, HAMILTON, STIGER, and RICHARDS, JJ., concur.