FAYE RILEY APFEL, Appellee, v. HAROLD G. APFEL, Appellant.

No. 46862.

APRIL 9, 1947.

Yessler & Fahey and Elliott, Shuttleworth & Ingersoll, all of Cedar Rapids, for appellant.

Jordan & Jordan, of Cedar Rapids, for appellee.

MANTZ, J.—On February 26, 1943, in the district court of Linn County, Iowa, the plaintiff, Faye Riley Apfel, was granted a divorce from the defendant, Harold G. Apfel, on the ground of cruel and inhuman treatment. The action was contested. The decree granting the divorce provided for a property settlement, and in addition provided that the defendant should pay plaintiff alimony for her support in the amount of $50 per month. No appeal was taken from the decree.

On January 25, 1944, the defendant petitioned the court to modify the decree, alleging that since the decree there had been such a change of circumstances as to entitle defendant to such modification. This petition was resisted and following a hearing

thereon the trial court, on May 25, 1944, denied such petition. The defendant appealed.

At the time of the divorce decree the parties were about fifty years old, had been married over twenty years, and had a grown daughter. As before stated, the divorce was granted on the ground of cruel and inhuman treatment.

The modification asked the court to relieve the appellant of the monthly alimony payments. The alleged change of circumstances was that following the divorce the appellee had secured employment which was paying her between fifteen hundred and two thousand dollars per annum; that appellant's health was to some extent impaired; that his expenses had increased; that due to his remarriage other expenses had been incurred; that the payment of such alimony was working a real hardship upon him; and that appellee, by reason of her earnings, did not require the alimony for her support.

In her answer to such application for a modification of the divorce decree appellee set forth the claim that appellant was then earning more than at the time of the trial of the divorce case. She admitted that since the divorce decree she had been employed in war work but stated that this was not steady, due to her health, and further, that she was then under the care of a physician. Her resistance, by reference, incorporated therein the evidence taken at the divorce trial; also, the statement of the trial court in entering the divorce decree.

The petition for modification was heard before the same judge who entered the divorce decree. Notice of appeal to this court was given June 12, 1944. The record was not filed until January 28, 1946, a period of approximately nineteen months following the notice of appeal. We find nothing in the record indicating any satisfactory or substantial reason for such delay.

In this appeal appellant has set forth and argued various propositions wherein he seeks to reverse the action of the trial court in refusing to sustain his petition. These various propositions in effect go to the same matter, to wit, that the record showed such a change of circumstances in the conditions existing at the time of the divorce decree as to require an order of modification. For that reason all of such propositions will be dis-

cussed together. Appellant argues that the facts as shown by the record sustain his claim and that the real issue is determined by the facts.

To determine whether or not a divorce decree should be changed or modified it necessarily follows that the facts appearing in the record must be considered. We do not find that the authorities cited are of much help save to indicate the views of the court as to the limits or boundaries to be observed in the determination of such question. Many cases from this state have passed upon such question. In deciding either for or against a proposal to modify a decree of divorce our courts have considered the facts as shown by the record and indicated views based upon such consideration.

The laws relating to the matter of divorce are set forth in chapter 598, Code of 1946. In that chapter the district court is given jurisdiction over the subject matter set forth in such chapter. Section 598.14 of such chapter is as follows:

"Alimony—custody of children—changes. When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects when circumstances render them expedient."

The right of the trial court to pass upon the matters set forth in such chapter is not open to question. The rules and procedure involved in the passing upon such questions are quite well settled.

It will readily be seen that the statute confers upon the trial court a judicial discretion in passing upon the matter of the modification of a divorce decree. The statute wisely provides that the trial court can take up such matters and duly investigate and pass upon the necessity or feasibility of making changes in its decree. That such changes might become necessary is clearly contemplated by the statute. The trial court, being on the ground, is best situated to pass upon the necessity or propriety of any changes in the original decree.

Many Iowa cases have been cited and discussed by the

parties to this appeal. Some deal with the discretion on the part of the trial court; others deal with the claim of abuse of such discretion; others deal with the fact situation existing when changes have been granted or refused.

Among various cases dealing with that matter we find the following: Siders v. Siders, 227 Iowa 764, 288 N. W. 909; Newburn v. Newburn, 210 Iowa 639, 231 N. W. 389; Keyser v. Keyser, 193 Iowa 16, 186 N. W. 438; Wood v. Wood, 220 Iowa 441, 262 N. W. 773; Barish v. Barish, 190 Iowa 493, 180 N. W. 724; Metzger v. Metzger, 224 Iowa 546, 278 N. W. 187.

In the case of Siders v. Siders, supra, there was an application to modify a divorce decree. The court granted the change and this court affirmed such order of change. Therein Sager, J., speaking for this court, said, at page 765 of 227 Iowa, page 910 of 288 N. W.:

"There was only a fact question involved and even in equity cases triable de novo, much weight should be given to the findings of the trial court because of the better opportunities of that court to weigh the testimony. Moreover we have said that in matters like this the court 'exercises a large discretion, which will not be interfered with unless abused.' " Citing Newburn v. Newburn, supra.

See, also, Corl v. Corl, 217 Iowa 812, 253 N. W. 125; Boquette v. Boquette, 215 Iowa 990, 247 N. W. 255; Keyser v. Keyser, supra. In Crockett v. Crockett, 132 Iowa 388, 391, 106 N. W. 944, 946, this court, speaking on the matter of a modification of a divorce decree, used the following language:

"And in the light of the statute, and giving construction thereto, we have held repeatedly that a decree fixing custody or awarding alimony, etc., is conclusive, unless it shall be made to appear that by reason of some change of circumstances or condition not known to, or within the contemplation of the court an enforcement of its decree will be attended by positive wrong or injustice." Citing cases.

We have considered the many cases cited by the parties. There can be no question as to the correctness of the principles

of law therein set forth. However, because the facts control, such principles simply guide the court in passing thereon.

The evidence shows that when the divorce decree was granted appellant was regularly employed at $210 per month; that on May 25, 1944, he was earning $237 per month; that he remarried on March 31, 1944. He admits that he knew this would increase his expenses. When the divorce was granted appellee had no employment. For the twenty years prior thereto she had been a housewife. She was fifty years old and had no business training. The evidence showed that her health was not good and that she required regular medical attention. She helped to some extent in supporting a daughter. Sometime after the divorce decree was entered the appellee was employed in war work by the Federal Works Agency and stationed at Arlington, Virginia. She testified that she lived in one room which cost her $24.50 per month; that her living cost was at least $2 per day; that in addition there were the costs of clothing, medical care, etc.; that her daughter had been in the service but was given a medical discharge and was without employment and unable to work; that the daughter has no property or income and that appellee had given her about $250 to pay for her care since January 27, 1944. Appellee testified that her employment paid a salary of $1,620 per annum and she earned about $350 per year by working overtime. She further testified that the work she was performing was temporary and for the period of the war.

Appellant testified that his health was not good and that he had medical expenses of about $15 per month. Appellant further testified that the most important change with respect to his wages was probably the imposition of additional taxes—federal taxes. After appellant remarried he moved into other quarters with higher costs.

Appellee did not appear in person as a witness. She came home on a furlough and while there her deposition was taken. At the hearing appellant, in seeking to use such record, in effect sought to show but parts of such deposition by having the shorthand reporter read from his notes. The manner in

which it was presented was rather confusing and made it somewhat difficult to get at the true situation.

The summing up of the evidence shows that at the time of the hearing appellant was receiving higher pay than he was when the divorce was granted; he was earning over $2,700 per year; he had no family save his wife; that he added to his obligations and expenses by remarrying and moving into more expensive quarters. According to the standards of May 1944, he was receiving good wages. On the other hand, appellee, with no prior business training, secured a job doing war work and earned something less than $2,000 per year. Her health was not good and she was unable to work steadily. She testified that her work was temporary. Nothing is shown to the contrary. She contributed to the support of a grown daughter, who retired from the service with a medical discharge. So far as the record shows, appellee had no other property.

This court is without knowledge as to what has transpired since the order of court of May 26, 1944. Whether appellee is still employed or otherwise we are not advised.

In enacting the statutes above referred to the legislature certainly contemplated and took cognizance of the well-known fact that conditions may and do change from time to time. Guided thereby the court may exercise its power to make whatever adjustments may be right and proper in the premises as viewed in the light of the changed conditions. It could hardly be contemplated that changes could be made from day to day. Conditions are variable, and when a change is made following a hearing, it seems to us it should be based upon something more or less permanent or continuous, not merely upon transitory, variable, or temporary conditions. Otherwise, the stability which should obtain under such conditions would be absent and thereby result in things unsettled, confusing, and disturbing. The one person in the best position to judge of the necessity of a change undoubtedly would be the trial judge. Metzger v. Metzger, supra.

The judge who tried the divorce case presided at the hearing of appellant's application to modify the decree there rendered. He heard the evidence and was in a better position

to pass upon the matters submitted to him at such times than is this court. We do not think that there are in the record sufficient facts and circumstances to warrant this court in holding that the trial court, in denying the application of appellant, abused the discretion reposed in it. We find nothing in the record tending to show that the carrying out of the decree awarding alimony will work positive wrong or injustice. We hold that the trial court did not err in denying appellant's application. This holding does not foreclose appellant in seeking relief in the event future conditions indicate the propriety thereof. The case is affirmed.—Affirmed.

All JUSTICES concur.