FRANCES R. LYONS, Appellee, v. FRED E. LYONS, Appellant.

No. 47422.

(Reported in 37 N. W. 2d 309)

MAY 3, 1949.

Stanley L. Haynes, of Mason City, for appellant.

Bryant & Bryant, of Mason City, for appellee.

HAYS, J.—Plaintiff was granted a divorce from defendant in September 1945. There were no children. While the original decree is not before this court, we gather from the record that defendant was ordered to pay $50 a month alimony to plaintiff, and under a property division plaintiff received $600 or $700 in bonds. All payments have been made when due. Defendant, alleging a change in conditions, asks that the original decree be modified. From an order dismissing this application, defendant appeals.

But one question is presented: Do the facts set forth in the record show such a change of conditions since the original decree as to require a modification?

All parties agree that under the provisions of section 598.14, Code of 1946, the trial court has authority to make changes in the alimony provisions of the original decree, under certain conditions. The force and effect of this statute and its proper construction are well stated in Newburn v. Newburn, 210 Iowa 639, 641, 231 N.W. 389, 390, where we said:

"It has always been held that the original decree is conclusive upon the parties as to the then circumstances of the parties, and that the power to grant a modification in the decree is not a power to grant a new trial, or to retry the same issues, but only to adapt the decree to the changed conditions of the parties." ·

See also Metzger v. Metzger, 224 Iowa 546, 278 N.W. 187; Morrison v. Morrison, 208 Iowa 1384, 227 N.W. 330.

In passing upon the propriety of a modification, the trial court exercises a wide discretion which will be disturbed only in the event of an abuse thereof. Apfel v. Apfel, 238 Iowa 274, 27 N.W. 2d 31.

At the time of the original decree, appellant, as a bus driver had a take-home pay of approximately $275 per month, which is about the same at present. Then, he had savings with his employer of $250 while now it amounts to $65. Then, he had bonds of about $1000, now, none. Half of these bonds were given appellee in the original decree. Since the divorce he has remarried and his wife is pregnant and his earnings are not now sufficient to meet his living expenses, which include payments

on a home. Appellee was not employed at the time of the divorce and was not in good health. Since the divorce, appellee is employed as a secretary and has a take-home pay of about $33 a week. She still retains the bonds, given in the original settlement, and has increased the total to about $900. She has a savings account of $379.85. The condition of her health is disputed but the trial court found it not good.

The only substantial change in the circumstances of the parties appears to be the remarriage of appellant with attendant increase in living expenses. Does this remarriage of one of the parties constitute such a change of circumstances to require a modification of a former decree for alimony? As an abstract proposition, the answer must be no. Newburn v. Newburn, supra. That it is a circumstance to be considered in an adjustment of the equities between the parties, see Handsaker v. Handsaker, 223 Iowa 462, 272 N.W. 609.

In the instant case, the trial court considered this factor and found no such substantial change as to require a modification. As stated in Siders v. Siders, 227 Iowa 764, 288 N.W. 909, only a fact question is involved and even though the matter is triable de novo here much weight must be given to the findings of the trial court because of the opportunity to weigh the testimony.

Since the trial court exercises a wide discretion which will not be interfered with unless abused, and, finding no abuse thereof, the judgment of the trial court should be and is affirmed.— Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.